HOOD, Judge.
This is an action for damages for personal injuries allegedly sustained by plaintiffs as the result of an automobile-train collision. This suit was instituted by Everett L. Hoffpauir, Sr., and Vernon H. Bean, Jr., against Kansas City Southern Railroad Company and State Farm Mutual Automobile Insurance Company, the latter being the liability insurer of Vernon Davis, the driver of the automobile in which plaintiffs were riding when the accident occurred. Kansas City Southern filed a third party demand against Vernon Davis and State Farm.
The case was tried by jury, with the result that a special verdict was rendered finding that Vernon Davis was negligent, that Kansas City Southern was free from negligence, that plaintiffs were free from contributory negligence, and that each plaintiff sustained damages in the amount of $10,000.00. State Farm, as the insurer of Davis, had previously paid sums of money to plaintiffs and another claimant, and credit was allowed for these payments in determining the extent of the liability of State Farm under the policy which it had issued to Davis. Judgment then was rendered by the trial court in favor of each plaintiff, and against State Farm, for the principal sum of $9167.28. Plaintiffs’ demands against Kansas City Southern were rejected, as were the third party demands of Kansas City against State Farm and Davis.
All parties .appealed. State Farm, however, did not file an appeal bond and it thus has abandoned its appeal. The other parties have timely perfected the appeals which were taken by them.
Plaintiffs, in their joint petition for appeal, prayed for an appeal “only against The Kansas City Southern Railroad Company,” and the order granting that appeal, dated July S, 1968, specified that it was “from the judgment rendered against plaintiffs in favor of The Kansas City Southern Railroad Company,” Although plaintiffs obviously intended to appeal only from that portion of the judgment which rejected their demands against the railway company, they nevertheless argue on this appeal that the judgment should be amended by substantially increasing the awards, and by casting both defendants, State Farm and Kansas City Southern, in solido, for the damages sustained by them.
Kansas City Southern limited its appeal to that portion of the judgment which rejects its third party demand against State Farm and Davis, and only then in the event the judgment of the trial court is amended or reversed to hold Kansas City Southern liable for damages.
The accident occurred on July. 6, 1967, when the Davis automobile collided' with a locomotive owned and operated by Kansas City Southern. The automobile was traveling east and the locomotive was traveling north as they approached and reached the crossing where the collision occurred. Plaintiffs allege and contend that the accident was caused by the joint negligence of Davis and Kansas City Southern, through *31 its employees, and in their petition they set out the specific acts of negligence which they charge to each of said parties. As we have already noted, the jury determined that Davis was negligent and that Kansas City Southern was free from negligence.
Three days after an appeal was taken by plaintiffs, State Farm paid to said plaintiffs the full amount of the judgment which had been rendered against it, including principal, interest and costs. In, consideration of that payment, each of said plaintiffs by a separate authentic act executed a “Satisfaction of Judgment” or release, dated July 8, 1968, formally releasing State Farm and Vernon Davis from any further claims arising out of the alleged accident. Neither of these releases contains a reservation of any rights or claims which the plaintiff who executed it may have against any other party. The pertinent portion of the release executed by plaintiff Hoffpauir reads as follows:
“Claimant, Everett Hoffpauir, Sr. further declares that for the aforementioned payment to him by State Farm Mutual Automobile Insurance Company, he does hereby release and relinquish all claims growing out of the alleged accident herein against State Farm Mutual Automobile Insurance Company and Vernon Davis, whether said claims are included in said Suit No. 74,148, or otherwise.”
The release executed by plaintiff Bean contains an identical statement, except that his name is substituted in place of Hoff-pair’s name. There is nothing in either of those releases, however, which can be construed as a reservation by Hoffpauir or Bean of any rights which either may have against Kansas City Southern, or against any other party, arising out of the alleged accident. The releases executed by both parties were filed on July 11, 1968, before any of the appeals were perfected. They are in the record, therefore, and are before us for consideration on this appeal.
In this court Kansas City Southern timely filed a motion to dismiss the appeal and it also filed several peremptory exceptions, including exceptions of res judicata, no right of action and no cause of action. It alleges, as the principal grounds for the relief sought in these pleadings, that the unrestricted and general releases which were executed by plaintiffs have the effect of fully discharging Kansas City Southern, as well as State Farm and Davis, from any further claims by plaintiffs arising out of that accident. Kansas City Southern makes the same argument in presenting the case on its merits.
Applicable here is Article 2203 of the Louisiana Civil Code, which reads, in part, as follows:
“The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.”
The above quoted portion of LSA-C.C. art. 2203 applies to debtors ex delicto, as well as to debtors ex contractu. Danks v. Maher, 177 So.2d 412 (La.App. 4th Cir.1965); Guarisco v. Pennsylvania Casualty Company, 209 La. 435, 24 So.2d 678 (1946). And, the established rule is that joint tort feasors are solidarily liable for the damages which result from their concurrent negligence or wrongdoing. Reid v. Lowden, 192 La. 811, 189 So. 286 (1939).
The releases which were executed by plaintiffs in the instant suit specifically discharged State Farm and Davis from any further claims which plaintiffs may have had against them arising out of this accident. We feel that these releases bar plaintiffs from recovering any additional damages from State Farm, as Davis’ insurer, which may be attributed to this accident.
It has been judicially determined that Davis, the driver of the automobile in which plaintiffs were riding, was negligent and that his negligence was a proximate cause of the accident. That judgment has *32 become final, and Davis thus must be regarded as a tort feasor in this case. Plaintiffs do not contend otherwise. On the contrary, they argue affirmatively that he was negligent and is a tort feasor. They take the position that Kansas City Southern, through its employees, also was negligent, and that Davis and the railway company thus are joint tort feasors. They contend that the awards made by the trial court should be increased, and that the judgment appealed from should be amended by condemning Davis’ insurer and Kansas City Southern, in solido, to pay plaintiffs the damages they have sustained as a result of this accident.
We believe that the provisions of LSA-C.C. art. 2203 must be applied here, and that plaintiffs’ unconditional release of one joint tort feasor, without expressly reserving their rights against the other, operates to discharge all joint tort feasors from further liability to plaintiffs arising out of the above described accident.
We conclude that the unrestricted and general release which was executed by each plaintiff in favor of State Farm Mutual and Vernon Davis, without the reservation of any claim which he may have had against Kansas City Southern or any other alleged joint tort feasor, operates as a complete release of Kansas City Southern. Under these circumstances, plaintiffs would not be entitled to the relief which they seek even if they shottld be successful in showing that Kansas City Southern is a joint tort feasor.
For the reasons herein set out, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.