257 So.2d 802 (1972)
Clifton DODGE et al., Plaintiffs-Appellants,
v.
CENTRAL LOUISIANA ELECTRIC COMPANY et al., Defendants-Appellees.
No. 3709.
Court of Appeal of Louisiana, Third Circuit.
January 21, 1972.
Rehearing Denied March 1, 1972.
Writ Refused April 11, 1972.
*803 Roy & Roy by A. J. Roy, Jr., Marksville, for plaintiffs-appellants.
Stafford, Pitts & Bolen by John L. Pitts, Alexandria, for defendants-appellees.
Lewis & Lewis by John M. Shaw, Opelousas, for exceptor-appellee.
Before FRUGE, SAVOY and HOOD, JJ.
HOOD, Judge.
Mr. and Mrs. Clifton Dodge filed this suit, individually and on behalf of their four minor children, to recover damages for the alleged wrongful death of their son, Curry Dodge. The defendants are: (1) Central Louisiana Electric Company (Cleco); (2) Twenty-two officers, directors or employees of Cleco; (3) Continental Casualty Company, alleged to be the liability insurer of officers and employees of Cleco; and (4) R. D. Cooper Construction Company, Inc., and four of the officers, directors or employees of that corporation.
Cleco and R. D. Cooper Construction Company, Inc., filed exceptions of no cause of action, alleging that plaintiffs' remedy was exclusively under the workmen's compensation act.
Cleco, Continental Casualty Company and all but one of the officers, directors and employees of Cleco filed a plea of res judicata, based on allegations that plaintiffs' claims had been compromised and settled, and that they had released exceptors from any further liability.
*804 Two of the defendants, R. D. Cooper and Josephine G. Cooper, both of whom are officers or employees of the Cooper Construction Company, filed a motion for summary judgment based on allegations that plaintiffs have compromised and settled their tort claims, and that movers thus have been discharged from liability.
National Surety Corporation (one of the group comprising Fireman's Fund American Insurance Companies) filed an intervention, alleging that it was the workmen's compensation insurer of Cooper Construction Company, and demanding that it be reimbursed the amount of compensation and death benefits it paid to plaintiffs pursuant to a compensation settlement agreement.
A hearing was held on the above mentioned exceptions, pleas of res judicata, and the motion for summary judgment, and following that hearing judgment was rendered by the trial court in favor of all defendants, except two who made no appearance, and against plaintiffs, dismissing this suit at plaintiffs' costs. Plaintiffs have appealed.
Plaintiffs concede that the judgment rendered by the trial court is valid as to two of the defendants, R. D. Cooper and Josephine G. Cooper, they being the only defendants who filed a motion for summary judgment. They contend, however, that the judgment is invalid as to all other defendants, and that the case should be remanded to the trial court in order that the exceptions or pleas filed by said defendants may be "argued and decided separately and individually."
The sole issue presented, therefore, is whether the judgment appealed from is invalid as to all defendants, except R. D. Cooper and Josephine G. Cooper, because of the court's failure to observe the proper procedure in disposing of the exceptions of no cause of action and the pleas of res judicata.
The substance of plaintiffs' argument is that the trial court erred in rendering a summary judgment in favor of 27 defendants, whereas only two of said defendants sought relief by means of such a judgment. They argue that "exceptions filed by one party defendant under the code cannot be disposed of by summary process filed by another party defendant," that "none of the exceptions were properly before the court through summary procedure," and that "hence all the exceptions sustained by the trial judge in his opinion and ruled on summarily are null and void."
Plaintiffs apparently assume that the hearing held by the trial court was solely on the motion for summary judgment filed by two of the defendants, and that the judgment rendered by the trial court was a summary judgment rendered in response to that motion. They take the position, first, that the trial court could not validly render a summary judgment in favor of parties who did not pray for that relief. And, secondly, they contend that these exceptions and pleas could not properly be tried or argued summarily, and that they could not validly be disposed of or determined in "summary proceedings" or by "summary procedure."
The record shows that the exceptions and pleas of res judicata were tried, argued and submitted in due course, and that the judgment appealed from determined the issues raised by these exceptions and pleas as well as by the motion for summary judgment.
The minutes of the court reflect that on January 22, 1971, the "exceptions previously filed herein are assigned for hearing." A minute entry of March 16 shows that the exceptions previously filed by Cleco were "taken up this date, argument presented and the matter submitted and taken under advisement by the court." The minutes of June 22, 1971, state that "exceptions and motion for summary judgment taken up and submitted and taken under advisement by the court." Written reasons for judgment were handed down on June 25, 1971, and the trial court stated in the reasons that judgment was rendered *805 sustaining the plea of res judicata and the exceptions of no cause of action, and granting the motion for summary judgment. The minutes of the court for that date recite that "For reasons assigned, formal judgment this day read, rendered and signed in that the court sustained Motion for Summary Judgment and sustained Exception of No Cause of Action and further that plaintiffs' suit be dismissed."
A formal decree was read and signed on August 3, 1971, and that judgment recites that it was being rendered "for the reasons contained in the written opinion of this court dated the 25th day of June, 1971." This appeal was taken from that judgment.
It is apparent from the record, we think, that the exceptions and the pleas of res judicata, as well as the motion for summary judgment, were properly scheduled for hearing, and that the issues raised by all of those pleadings were duly tried and were submitted before judgment was rendered. LSA-C.C.P. art. 2592(3) provides that summary proceedings may be used for the trial or disposition of "an issue which may be raised properly by an exception, contradictory motion, or rule to show cause." We thus find no merit to plaintiffs' argument that a proper hearing was not held on the exceptions or pleas.
Our conclusion is that the judgment rendered by the trial court sustaining the exceptions of no cause of action and the pleas of res judicata, as well as granting the motion for summary judgment, is valid.
Plaintiffs do not argue that the court erred in its application of the law to the exceptions or to the pleas of res judicata. We, nevertheless, have reviewed the trial judge's reasons for judgment and have concluded that no error of law was committed.
In their original petition plaintiffs allege that their deceased son, Curry Dodge, was employed by defendant Cleco when the accident occurred, and that he sustained fatal injuries in the course of his employment. This indicates that his exclusive remedy, at least as against Cleco, was under the workmen's compensation act.
The evidence shows that on January 15, 1970, plaintiffs entered into a compromise settlement of a workmen's compensation claim with R. D. Cooper Construction Company, Inc., and Fireman's Fund American Insurance Companies. Following that settlement plaintiffs executed a release of any claims which they may have against the other parties to that agreement arising out of the death of their son. The settlement appears to be in proper form and for an adequate consideration, and it was formally approved by the district judge. The judgment recites that the payment made to plaintiffs was "in full, final and complete settlement and compromise of all claims, demands, compensation, medical expenses, costs, expenses, penalties, attorney's fees, damages and any and all other rights, claims or causes of action whatsoever which they may or might have now or in the future either presently known to exist or which are now unknown and unanticipated under the workmen's compensation laws, tort laws or any other laws of the State of Louisiana."
The release which plaintiffs executed recites that they grant to the other parties to the agreement a full and complete release "from any and all claims, whether by way of personal injuries, compensation benefits, medical expenses, fees, damages, penalties, costs or otherwise, arising out of or connected in any way with an accident occurring on or about May 26, 1969, at approximately 4:20 p. m., wherein employee, Curry Dodge, sustained injuries resulting in his death, . . ."
No rights to proceed against or to claim damages from any other party were reserved in that settlement agreement. Plaintiffs allege that all of the defendants are liable for damages "jointly, severally and in solido."
*806 The law is settled that the release of one solidary obligor, without reservation of the right to claim from another, discharges all solidary obligors from liability. LSA-C.C. art. 2203; Reiley v. Atlas Construction Company, 146 So.2d 211 (La.App. 2 Cir. 1962); Sepulvado v. General Fire & Casualty Company, 146 So.2d 428 (La.App. 3 Cir. 1962).
We find that the compromise settlement entered into by plaintiffs, and the release which they executed, had the effect of releasing all defendants from liability for damages for the death of plaintiffs' son. There thus was no error in the judgment which sustained the pleas of res judicata filed by defendants.
Plaintiffs correctly point out that the trial court erred in rendering judgment in favor of "Fireman's Fund Insurance Company and/or Fireman's Fund American Insurance Companies and/or National Surety Corporation," and in referring to said parties as "defendants." Actually, the named parties are intervenors, not defendants, and they have not sought the type of relief which was granted by the trial court. The judgment must be amended, therefore, to delete the names of those parties as defendants.
The judgment rendered by the trial court also names Martin Thiel as a party defendant in whose favor the judgment is rendered. No pleadings were filed in behalf of that defendant, and we think the court erred in rendering judgment in his favor.
For the reasons herein set out, the judgment appealed from is amended by deleting from said judgment the following names: "Fireman's Fund Insurance Company and/or Fireman's Fund American Insurance Companies and/or National Surety Corporation," and "Martin Thiel." In all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Amended and affirmed.