330 So.2d 380 (1976)
Saul CLAY, Plaintiff and Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellee.
No. 5430.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1976.
*381 McHale & Bufkin, by Louis D. Bufkin, Lake Charles, for plaintiff-appellant.
Gist, Methvin & Trimble, by DeWitt T. Methvin, Jr., Alexandria, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX, and PAVY, JJ.
DOMENGEAUX, Judge.
Plaintiff, Saul Clay, appeals the judgment of the District Court which maintained the exception of res judicata filed by State Farm Mutual Automobile Insurance Company.
The exception was tried on a stipulation of facts which show the following:
Clay was a guest passenger in a Ford automobile which was owned and being operated by Joseph Rayford Manuel when it was involved in a collision with a Louisiana Department of Highways truck on July 23, 1973. The Manuel automobile was insured for liability by the defendant herein, State Farm Mutual Automobile Insurance Company, and the Highway Department truck was similarly insured by the Travelers Insurance Company. Plaintiff received some injuries.[1] Travelers, as insurer of the Highway Department truck, paid the damages of Joseph Rayford Manuel, and entered into negotiations with plaintiff concerning his injuries and damages. Travelers issued two "advanced payments" to plaintiff to defray some of his expenses while negotiations were going on, the first in the amount of $187.48 and the second in the amount of $85.00. Thereafter the plaintiff secured the services of an attorney and negotiations continued towards a settlement. On May 10, 1974, Travelers' Assistant Supervisor wrote a letter to plaintiff's attorney and enclosed a settlement draft in the amount of $3,059.86, which, according to the letter, coincided with plaintiff's attorney's evaluation of the matter. The draft was over and above the *382 two advance payments which Travelers already paid. The body of the letter stated:
"In reference to the above I have discussed this claim with Mr. Beavers who handled the investigation for us in regards to this settlement negotiation with you on behalf of Mr. Clay. He indicated that you felt the claim was worth $2,750.00 plus $309.86 of the unpaid specials. We had advance paid Mr. Clay $272.48. We agree with your evaluation of this matter and you will find attached a draft of $3,059.86 over and above the $272.48 we have already paid.
This means the entire claim is to be settled for $3,332.34. Again, you will find a draft made out to you and your client for $3,059.86. This is a release form draft so that there is no need for any paper work as far as releases or anything of this nature. Thanking you in advance, I remain....."
Prior to the time that plaintiff's attorney received the above-mentioned letter and draft the attorney had not discussed with anyone the possibility that a payment to be made by Travelers would satisfy all of the claims which plaintiff may have had as a result of being injured, nor had the attorney discussed with anyone the possibility that plaintiff might desire to reserve his rights as against any other parties responsible for his injuries.
Upon receiving the aforementioned letter of May 10, 1974, with attached draft, the attorney prepared a "Release", relieving the Highway Department and Travelers from any further liability as a result of the July 23rd, 1973, accident, but specifically reserving the rights of plaintiff against any and all other parties. Before negotiating the draft the attorney had plaintiff execute the above referred to release and placed said release in his (plaintiff attorney's file). The draft was then negotiated by plaintiff and his attorney, and some time later the attorney made demand upon State Farm, as insurer of the Manuel vehicle for damages resulting from the aforementioned accident, and furnished State Farm with a copy of the release document referred to hereinabove. Neither the original nor any copy of the "Release" was ever transmitted to the Travelers Insurance Company. State Farm denied liability and this suit followed.
Based on the above facts we conclude that the trial court was correct in maintaining the exception of res judicata.
Louisiana Civil Code Article 2203 provides in pertinent part as follows:
"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter."
The provisions of C.C. Art. 2203 apply to debtors ex delicto as well as to debtors ex contractu. The established rule is that joint tortfeasors are solidarily liable for the damages which result from their concurrent negligence or wrongdoing. Hoffpauir v. Kansas City Southern Railroad Company, et al, 219 So.2d 29 (La.App.3rd Cir. 1969). Further, a claimant's unconditional release of one joint tortfeasor (in this case, Louisiana Department of Highways) without expressly reserving his rights against the other (in this instance the host driver Joseph Rayford Manuel) operates to discharge all joint tortfeasors from further liability to plaintiff arising out of the accident herein. Hoffpauir, supra.
See also the case of Dodge v. CLECO, 257 So.2d 802 (La.App.3rd Cir. 1972); writ refused 261 La. 481, 259 So.2d 921, wherein it was said:
"The law is settled that the release of one solidary obligor, without reservation of the right to claim from another, discharges all solidary obligors from liability. *383 LSA-C.C. art. 2203; Reiley v. Atlas Construction Company, 146 So.2d 211 (La.App. 2 Cir.1962); Sepulvado v. General Fire & Casualty Company, 146 So.2d 428 (La.App. 3 Cir.1962).
We find that the compromise settlement entered into by plaintiffs, and the release which they executed, had the effect of releasing all defendants from liability for damages for the death of plaintiffs' son. There thus was no error in the judgment which sustained the pleas of res judicata filed by defendants."
We find that the compromise settlement entered into by plaintiff with Travelers Insurance Company had the effect of releasing Joseph Rayford Manuel and his insurer, State Farm from liability for any damages sustained by plaintiff as a result of the accident herein. The settlement was a contract between plaintiff on the one hand and the Highway Department and Travelers on the other, and was completed when the draft was negotiated. See C.C. Arts. 1798, 1799, 1800, 1801, 1802, and 1803.
If it was the intention of plaintiff's attorney to reserve a right of action against Manuel and State Farm, said reservation should have been expressed to Travelers when the settlement was made. The document prepared by plaintiff's attorney and executed by plaintiff was a unilateral self-serving "release" and was merely placed in the attorney's file without any prior notification to the offerer, Travelers. It had no effect whatsoever in changing the terms of Travelers' offer of settlement. By cashing the draft, the offer made by Travelers to settle the entire claim constituted an acceptance by the plaintiff of the terms thereof, and plaintiff is bound thereby.
For the above and foregoing reasons the judgment of the District Court maintaining the exception of res judicata and dismissing plaintiff's suit, is hereby affirmed.
All costs are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] Plaintiff's petition alleged an acute cervical ligamentous strain, a contusion of his right shoulder and a larceration above his right eyebrow.