STOKER, Judge.
Plaintiff appeals in this matter from a judgment rendered against him on a motion for summary judgment. Plaintiff, Albert L. Roy, sued defendant, United Services Automobile Association[1] (USAA-CIC). The action was brought under the uninsured motorist and underinsured provisions of an insurance contract issued to Mr. Roy by USAA-CIC. Plaintiff seeks recovery of damages for personal injuries sustained by Mr. Roy in an automobile accident. USAA-CIC as defendant filed a motion for summary judgment arguing that a release and settlement of claim executed by plaintiff in favor of Dora Melancon, the driver of the other car involved in the accident, and Hartford Accident and Indemnity Company, her insurer, barred recovery against any other defendant who was a solidary obligor. From a judgment on the motion for summary judgment in favor of USAA-CIC, Mr. Roy appeals. We affirm.
FACTS
On January 8, 1981, Mr. Roy was involved in an automobile accident with Dora Melancon. On April 10, 1981, prior to filing a suit, Mr. Roy settled his claim and granted a release to Ms. Melancon and her insurer in exchange for $10,000 which represented the maximum limits of the policy carried by Ms. Melancon. The release and settlement agreement, in pertinent part, reads:
“It is further agreed that in the event other parties are responsible to me/us for damages as a result of this accident, the execution of this agreement shall operate as a satisfaction of my/our claim against such other parties to the extent of the pro rata share of the parties herein released.”
Mr. Roy relies upon this language as constituting a reservation of his rights against all other parties liable to him. On January 8, 1982, Mr. Roy filed suit against USAA-CIC, his uninsured and underin-sured motorist insurer, claiming that he was not adequately compensated in damages for the personal injuries received as a result of the accident. By way of an amended answer, USAA-CIC pleaded the prior settlement and release as a bar to Mr. Roy’s suit on the ground that the release of one solidary obligor, without expressly reserving the right to claim from another, discharges all solidary obligors from liability.
Prior to trial on the merits, USAA-CIC filed the motion for summary judgment which is the subject of this appeal. In a judgment signed on February 25, 1983, the trial court gave judgment on the motion in favor of USAA-CIC and dismissed Mr. *1305 Roy’s suit with prejudice. In his reasons for judgment, the trial judge found that USAA-CIC was a solidary obligor with Dora Melancon and her insurer and that Mr. Roy failed to reserve his rights against USAA-CIC in his settlement and release agreement with them thereby barring recovery from USAA-CIC.
Mr. Roy appeals, urging that the release and settlement agreement was restrictive and released only Dora Melancon and her insurer.
APPLICABLE LAW
We find that this case is appropriate for disposition on motion for summary judgment under LSA-C.C.P. art. 966. After reviewing the pertinent documents, we find that no genuine issue of material fact exists, and the motion for summary judgment was properly granted.
A solidary obligation may arise jointly by tort and contract. LSA-C.C. arts. 2091, 2092. Granger v. General Motors Corporation, 171 So.2d 720 (La.App. 3rd Cir.1965). A tort-feasor who causes an automobile accident victim to sustain damage is a solidary obligor with the victim’s uninsured-underinsured motorist carrier because they are obliged to repair the same damage. Therefore, neither may plead the benefit of division, and the payment by one exonerates the other as to the obligation owed to the victim. Hoefly v. Government Employee’s Insurance Company, 418 So.2d 575 (La.1982); Swanson v. Comeaux, 286 So.2d 117 (La.App. 4th Cir.1973), affirmed 296 So.2d 267 (La.1974).
Under the circumstances of this case, the provisions of LSA-C.C. art. 2203 come into play. Article 2203 provides in pertinent part:
“The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.”
Remission of an obligation extinguishes the obligation, LSA-C.C. art. 2130, and if the debt of one obligor is remitted, all other solidary obligors are discharged. Where, however, the creditor reserves his rights to proceed against the other solidary obligors, the debt is not extinguished by remission, and the release does not inure to the benefit of the other solidary obligors. By reserving his rights, the creditor makes clear that he is not fully compensated and that he will proceed against other solidary obli-gors. Sampay v. Morton Salt Company, 395 So.2d 326 (La.1981). Civil Code article 2203 applies to debtors ex-delicto, as well as ex-contactu. Hoffpauir v. Kansas City Southern Railroad Co., 219 So.2d 29 (La. App. 3rd Cir.1969).
In the instant case, the release executed by Mr. Roy in favor of Dora Melan-con and her insurer contained no express reservation of his rights against USAA-CIC. If Dora Melancon was in fact tor-tiously liable to plaintiff and was underin-sured, she and USAA-CIC are solidary ob-ligors. Under the plain terms of Article 2203, the compromise settlement contract operated to release Mr. Roy’s rights against USAA-CIC. The language in the agreement quoted above relied upon by Mr. Roy does not constitute a reservation of his rights against a solidary obligor.
The judgment of the trial court granting summary judgment in favor of USAA-CIC and dismissing Mr. Roy’s lawsuit is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.

. Defendant’s correct and legal name should have been U.S.A.A. Casualty Insurance Company as noted by defendant in a supplemental answer.