PER CURIAM.
This suit arises out of an automobile accident which occurred on June 27, 1980, in the Parish of Lafourche, State of Louisiana. The plaintiff, Donna Geist Bundy (Bundy), was struck by a 1977 Chevrolet which was being driven and which was owned by Ernest P. Toups (Toups).
Plaintiff filed suit against Toups, Allstate Insurance Company (Allstate) and the Insurance Company of North America (INA), alleging that at all pertinent times therein, Allstate was the liability insurer of Toups and INA had issued a policy of automobile insurance to Bundy which provided for uninsured/underinsured motorist coverage. INA third partied Toups and Allstate.[1]
On May 2, 1982, Bundy signed and executed a release of all claims against the tortfeasor, Toups and his liability insurer, Allstate. This release neither expressly nor impliedly reserved any rights against INA.
On June 14, 1982, the trial court signed a motion to dismiss filed on behalf of plaintiff. The motion to dismiss failed to reserve any rights of the plaintiff against INA. There is no indication in the motion to dismiss that plaintiff intended to reserve any rights against INA, or against any other defendant.
INA filed a motion for summary judgment based upon plaintiff’s failure to reserve any rights. The summary judgment was granted in favor of INA on March 3, 1984.
The matter is now before this Court on an appeal filed by plaintiff, Donna Geist Bundy.[2] We reverse and remand.
Our brethren in the Fifth Circuit in Decedue v. Government Employees Insurance Company, 441 So.2d 72 (La.App. 5th Cir. 1983) and in the Third Circuit in Roy v. United Automobile Association, 442 So.2d 1303 (La.App. 3rd Cir.1983), reached the conclusion that the decision of our Supreme Court in Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982), is controlling and that since an uninsured motorist carrier and a tortfeasor are solidary obligors within the meaning of LSA-C.C. art. 2091, under LSA-C.C. art. 2203 the failure of the insured to reserve his rights against the UM carrier results in its discharge.[3]
However, we adopt the following language of this Court in the opinion handed down this date in Boudreaux v. Government Employees Insurance Company, 454 S.2d 135 (La.App. 1st Cir. 1984):
Hoefly involved a case in which suit was filed against an underinsured motorist and her insurer within the one year prescriptive period. After the prescriptive period had expired, suit was filed against the UM carrier. Hoefly held simply that under the prescriptive situation presented the underinsured motorist and the UM carrier were debtors in solido, and hence, suit against one interrupted the running of prescription against all. See LSA-C.C. art. 2097. The case noted it dealt only with the prescriptive situation, and that, this being a Civilian jurisdiction, the finding of solidary obligation did not apply to all relationships in all situations *140 affecting the tort victim, his UM carrier, and the. tortfeasor.
Some three years before its decision in Hoefly, the Louisiana Supreme Court had decided Niemann v. Travelers Insurance Co., 368 So.2d 1003 (La.1979). In this case, the Supreme Court held that a subrogation clause and consent to settle clause (which required the UM carrier’s consent before a release of the tort-feasor and his insurer was effected) violated the policy behind, and specific provisions of, LSA-R.S. 22:1406D(4), which reads as follows:
“D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
⅜: * * * * *
(4) In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer.”
As the UM carrier is entitled to the proceeds of a judgment or settlement resulting from the exercise of any rights against the tortfeasor or anyone who may be legally responsible, the court reasoned, this right took the place of the right to subrogation, and hence the UM carrier was without right to subrogation, and was without interest to demand that the insured obtain its consent to settle before entering into a settlement with the tortfeasor and the insurer.
Thus, the right of the UM carrier is limited to a credit for the proceeds obtained from the tortfeasor and his insurer, and the UM carrier is not a solidary obligor with the automobile liability insurer in the sense that the UM carrier can obtain from the automobile liability insurer its virile share of the debt. That being the case, the release of the tort-feasor and his insurer does not affect the UM carrier to its detriment, and the release of the tortfeasor and his insurer does not in any fashion effect a release of the UM carrier. Thus, Ms. Boudreaux is free to pursue her claim against her UM carrier, Government Employees. To hold otherwise would be to vitiate both the clear meaning of LSA-R.S. 22:1406D(4) and the broad policy in favor of UM coverage that the entire statute establishes.
The summary judgment of the trial court is reversed and the matter is remanded for further proceedings. Costs of this appeal are assessed against IN A. The assessment of other costs are pretermitted.
REVERSED AND REMANDED.
LANIER, J., concurs in the result.

. The Court dismissed INA’s claim by summary judgment.

. For purposes of this en banc hearing, this suit was consolidated with the case of "Shelia Bou-dreaux versus Government Employees Insurance Company," Number 83 CA 0516. Separate opinions will be issued in each suit.

.Writs have been granted by the Supreme Court in Roy, 445 So.2d 430 (Feb. 10, 1984), and in Decedue, 446 So.2d 1216 (Mar. 16, 1984). See also Corona v. State Farm Insurance Company, 444 So.2d 763 (La.App. 4th Cir.1984), writ granted in "Carona v. State Farm Insurance Company," 446 So.2d 1217 (La.1984).