DUFRESNE, Judge.
These consolidated suits arise from a wrongful death claim. Leonard Cole, plaintiff in case number 84-CA-223, appeals from the granting of summary judgments dismissing his suit as to all defendants. (The second consolidated case, number 84-CA-224, was dismissed by joint motion after settlement and compromise. No appeal has been made in that case.)
Plaintiff’s wife, Lalita Cole, died of injuries suffered in an accident that occurred on October 2, 1979 on the Greater New Orleans Mississippi River Bridge. Mrs. Cole was driving her automobile westbound on the bridge when an automobile driven by Joseph E. Metzler, Jr., who was heading east, crossed over the center emergency lane and collided head-on with Mrs. Cole’s vehicle. Mrs. Cole’s car was then struck from the rear by the vehicle following immediately behind her on the bridge, an automobile owned by Linda M. Miller and being operated by James R. Bright. Mrs. Cole died a few hours later of the injuries received in the accident.
On January 24, 1980, Leonard Cole settled his claim against Mr. Metzler and Metzler’s insurer, State Farm Insurance Company, for $10,000.00, the policy limits. Cole signed a standard form release that did not contain any reservation of his rights against joint tort-feasors.
On October 2, 1980, Leonard Cole filed a wrongful death and survivorship action, individually and on behalf of Lalita Cole’s minor child, Devin Sears Cole. Made de *1316 fendants were the State of Louisiana, Department of Transportation and Development [DOTD]; the Mississippi River Bridge Authority [MRBA]; David C. Treen, then-governor of the state; Modjeski & Masters, an engineering partnership; James R. Bright; Linda M. Miller; and all their respective insurers. By supplemental and amending petition, deLaureal Engineers, Inc., was added as a defendant.
The petitions alleged negligence in design and construction of the bridge against DOTD, MRBA, Modjeski & Masters and deLaureal Engineers; failure properly to patrol the bridge and to meet safety standards against DOTD and MRBA; and negligence in operating his automobile against Bright. Miller was sued as owner of the vehicle driven by Bright. In addition, MRBA was alleged to be Bright's employer and therefore responsible for his negligence under the theory of respondeat superior. Governor Treen was alleged to have been negligent in administration of highway safety programs.
Various of the defendants filed third-party demands for contribution and indemnification against one another. MRBA and its insurer, Southern American Insurance Company, also filed a third-party demand against Metzler and State Farm, as did deLaureal Engineers. Metzler and State Farm responded with a motion for summary judgment on the third-party demands against them, seeking to be dismissed on the ground they had been released by plaintiff Leonard Cole and therefore the other defendants had no claim against them.
Thereafter MRBA and Southern American filed a motion for summary judgment on the ground that the release of one joint tort-feasor with no reservation of rights as to the other tort-feasors results in a release of all tort-feasors. Defendants Miller and Bright filed a similar motion for summary judgment, as did Modjeski & Masters and deLaureal Engineers.
On November 5, 1982 the district court granted summary judgment in favor of MRBA and Southern American, and Miller and Bright. The claim of Leonard Cole only was dismissed, because the claim of the minor child, Devin Sears Cole, was not included in Leonard Cole’s release of Metz-ler and State Farm. (Cole had not been properly appointed tutor for the child when he signed the release.) The judgment also dismissed the third-party demands against Metzler and State Farm. Leonard Cole’s motion for rehearing on the summary judgment was denied.
On December 22, 1982 summary judgment was rendered in favor of Modjeski & Masters; on January 31, 1983 summary judgment was rendered in favor of deLau-real Engineers, Inc. These judgments also were as to the claim of Leonard Cole only. Cole has appealed all three judgments.
In the Reasons for Judgment attached to the November 5 judgment, the district court cited Louisiana Civil Code article 2203 and Dodge v. Central Louisiana Electric Company, 257 So.2d 802 (La.App. 3 Cir.1972), stating that the release of one solidary obligor without reservation of the right to claim from another discharges all solidary obligors from liability.
On appeal, Leonard Cole asserts the trial judge erred because the defendants were not solidary obligors with Metzler. Further, Cole contends, a determination of soli-dary liability depends upon a finding of concurring fault, a factual issue inappropriate for determination by summary judgment. He states the inferences to be drawn from the pleadings and the deposition in the record do not establish conclusively a joint tort-feasor relationship between Metzler and the other defendants.
LSA-C.C. art. 2203 states,
“The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter. * * * ”
The Dodge case, supra, cited by the trial judge, held that “the release of one soli-dary obligor, without reservation of the right to claim from another, discharges all solidary obligors from liability. * * 4 ” 257 So.2d 802, 806.. LSA-C.C. art. 2324 states, in pertinent part,
*1317 “Persons whose concurring fault has caused injury, death or loss to another are also answerable, in solido; * *
In order to determine whether the defendants here were solidary obligors with Joseph Metzler, and thus released by Leonard Cole’s failure to reserve his rights against them, the court was required to decide that Metzler himself was at fault. Otherwise there could be no concurring fault between Metzler and the defendants.
Thus, for purposes of this motion, plaintiff was placed in the peculiar situation of absolving Metzler from fault; in contrast, defendants had to show him to have been negligent.
The only information presented on the motions for summary judgment relevant to Metzler’s fault were the allegations made in Leonard Cole’s pleadings and the deposition testimony of Metzler. There was no police testimony or copy of the accident report, nor was there deposition testimony or interrogatory answers by the defendant Bright, nor was there information available from any other persons who might have known relevant facts.
Cole’s petition simply alleged that the accident that resulted in the death of Lalita Cole was caused when “a third vehicle traveling in the opposite direction crossed over the emergency lane on the bridge and struck the vehicle driven by decedent, * * ” after which Mrs. Cole’s vehicle was then struck from the rear by the automobile driven by Bright.
In his deposition, Mr. Metzler stated he was on his way to work on the morning of the accident. He had undergone dental surgery the preceding evening and had been given a prescription for a painkiller. The dentist who prescribed it told him he would be able to work while taking it, but said nothing about any effects it might have on him. Metzler did not recall seeing any information about the medication printed on the bottle, other than as to how often to take it.
He stated he took one pill about eight or nine o’clock the evening before the accident, and went to bed. He took another at about three o’clock the morning of the accident, when he woke up in pain from the tooth extraction. He went back to sleep after that, then woke up again about 5:15 a.m. and left for work about 5:25. He was due to be at work at six o’clock. Mr. Metzler stated he did not feel drowsy when he woke up that morning, or when he was driving to work. He recalled driving away from his house, and getting on to the bridge approach, but remembers absolutely nothing after that. His next memory is when he woke up in the hospital several days later. He knows nothing about the accident except what other people have told him.
In assessing a motion for summary judgment, the court must consider all the pleadings, depositions, affidavits, answers to interrogatories, and admissions that have been filed in the cause. Summary judgment should be granted if these documents demonstrate there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
Neither plaintiff nor defendants dispute that the accident occurred because the Metzler car crossed over into Mrs. Cole’s lane of traffic. Nor do they dispute the statements made' by Mr. Metzler in his deposition. What is disputed is whether under the circumstances Mr. Metzler was negligent.
“The movant for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt as to the existence of such issue of material fact is to be resolved against granting the motion. * * To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. * * * The papers supporting the position of the party moving for the summary judgment are to be closely scrutinized while the opposing papers are to be indulgently treated, in determining whether mover has satisfied his burden. * * * Where the trial court *1318 is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in the light most favorable to the party opposing the argument. * * * No summary judgment will be granted even if the trial court has grave doubts regarding a party’s ability to establish disputed facts. * * * It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. * * The weighing of conflicting evidence on a material fact has no place in summary judgment procedure. * * * A motion for summary judgment is not appropriate for disposition of cases requiring a judicial determination of subjective facts, e.g., motive, intent, good faith, knowledge. * * * Making evaluations of credibility has no place in determining a summary judgment. * * * ” (Citations omitted.)
Watson v. Cook, 427 So.2d 1312 at 1315, 1316 (La.App. 2 Cir.1983).
Where the primary cause of a collision is a motorist’s act of driving his automobile into that part of the roadway reserved exclusively for traffic proceeding from the opposite direction, a prima facie case of negligence is made out. It becomes incumbent upon that motorist to show by clear and convincing evidence that his sudden presence in the opposing lane of traffic was due to unexpected and unforeseen circumstances over which he had no control and that he did not in any particular contribute to the mishap. Rizley v. Cutrer, 95 So.2d 139 (La.1957).
The occurrence of a head-on collision in Mrs. Cole’s lane of traffic created a rebuttable presumption of negligence on the part of Mr. Metzler. Thus for purposes of this summary judgment motion, the burden was placed on plaintiff Leonard Cole to rebut the presumption. Metzler’s deposition, the only evidence available, presents no positive fact to offset the presumption. Under the circumstances, there is no genuine issue of fact as to Mr. Metzler’s negligence.
Accordingly, we must determine next whether there is any question of material fact as to the solidary liability of defendants with Metzler. Appellant contends, “Whether the fault of each defendant was 'concurring fault’ under Article 2324 should be determined at trial by the ultimate trier of fact.” He argues that legal determination of the type of obligation depends on factual questions regarding the nature of the relationships between the defendants.
We disagree. LSA-C.C. art. 2091 states,
“There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.”
LSA-C.C. art. 2092 states,
“The obligation may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing; * * ⅜ ”
It is plain that any fault on the part of the defendants-appellees had to have concurred with Metzler’s fault to produce liability in them. Regardless of the theories upon which their respective liabilities may be based, they are all liable for “one and the same thing,” namely the damages suffered by Lalita Cole and her survivors as a result of the bridge accident. See Narcise v. Illinois Cent. R. Co., 427 So.2d 1192 (La.1983); Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982); Foster v. Hampton, 381 So.2d 789 (La.1980). We find no question of Raterial fact relative to solidarity among -the defendants. ¡
Considering these statements of law, we find that summary judgment was properly granted in the matter before us. Accordingly, the judgments are affirmed. The case is remanded for further proceedings relative to the claim of Devin Sears Cole. The costs of this appeal are assessed against appellant.
*1319 JUDGMENTS AFFIRMED; CASE REMANDED.