KING, Judge.
The sole issue presented by this appeal is whether a personal injury claimant releases her own uninsured/underinsured motorist insurance carrier from liability if she settles with other persons solidarily liable for her claim and fails in the settlement documents to expressly reserve her right against her own uninsured/underinsured insurer.
Plaintiff filed suit against defendant, her own uninsured/underinsured motorist insurer, seeking recovery of her damages *693 allegedly caused by an uninsured/underin-sured motorist. Defendant filed a Peremptory Exception Of Res Judicata and a Motion For Summary Judgment based on the fact that plaintiff had released a solidary co-debtor, without reserving her rights against defendant, thus releasing it. The trial court sustained the exception and granted the motion dismissing plaintiffs suit. Plaintiff appeals. We reverse and remand.
FACTS
On March 5, 1981, Betty Sharp (hereinafter plaintiff) was injured when a pickup truck, in which she was a guest passenger, owned and operated by David Garlington (hereinafter Garlington), collided with a car owned and operated by Jonathan G. Smith (hereinafter Smith). Plaintiff received $9,500.00 on February 28, 1983 from State Farm Mutual Automobile Insurance Company, the liability insurer of the Garlington vehicle, in full settlement of her claims against Garlington and State Farm Mutual Automobile Insurance Company, who had a liability insurance policy containing uninsured/underinsured motorist coverage in favor of plaintiff as a passenger in Garling-ton’s truck. On March 1, 1982, plaintiff received $5,000.00 from Southeastern Fidelity Insurance Company (hereinafter Southeastern), Smith’s liability insurer, in full and final settlement of her claims against Smith and Southeastern. In the written release given to Smith and Southeastern, plaintiff failed to expressly reserve her rights against her own uninsured/underin-sured liability insurer, Allstate Insurance Company (hereinafter defendant).
Plaintiff filed suit against defendant on March 4, 1983 for $125,000.00 on the basis that, at the time of the accident, she was covered under an insurance policy issued by defendant which provided uninsured/underinsured motorist coverage. Plaintiff filed a supplemental petition in which she further sought legal interest, penalties and attorney’s fees.
Defendant answered plaintiff’s petition and filed a Peremptory Exception Of Res Judicata and a Motion For Summary Judgment. Defendant based both of these pleadings on the contention that plaintiff’s settlement with Southeastern discharged defendant from liability, as defendant was a co-debtor in solido with Southeastern, since plaintiff failed to expressly reserve her rights against defendant in accordance with LSA-C.C. Art. 2203.
On February 6, 1984, the trial court rendered judgment in favor of defendant and against plaintiff, sustaining the Peremptory Exception Of Res Judicata and granting the Motion For Summary Judgment and ordering plaintiff’s suit dismissed. The judgment was signed on February 8, 1984, dismissing plaintiff’s action with prejudice, and at her cost. Plaintiff has timely taken a devolutive appeal from the trial court judgment, and argues that the trial court erred in holding that she released defendants from liability by her mere failure to reserve her rights against defendant in the written release of Southeastern.
The trial judge only rendered oral reasons for judgment, sustaining the exception and granting the motion, without stating his reasons for judgment. From our review of the record it appears that the trial judge’s decision was apparently based on LSA-C.C. Art. 2203,[1] and on the rationale of Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982); Roy v. United Services Auto. Ass’n., 442 So.2d 1303 (La.App. 3rd Cir.1983), rev’d and rem’d, 453 So.2d 564 (La.1984); and Decedue v. Gov. Employees Ins. Co., 441 So.2d 72 (La.App. 5th Cir.1983), rev’d and rem’d, 458 So.2d 1275 (La.1984).
*694 In Hoefly, supra, the Louisiana Supreme Court held that the tortfeasor and the uninsured/underinsured motorist carrier are co-debtors in solido and that interruption of prescription as to the tortfeasor interrupted prescription as to the uninsured/under-insured motorist carrier. Not long thereafter, Louisiana's district and appellate courts began combining the Hoefly rationale with LSA-C.C. Art. 2203, to hold that a plaintiff’s discharge of the tortfeasor or the tortfeasor’s insurer, without expressly reserving his rights against his uninsured/underinsured motorist carrier, discharged the latter from liability. See Decedue v. Government Employees Ins. Co., supra; Roy v. United Services Auto. Ass’n, supra; and Corona v. State Farm Ins. Co., 444 So.2d 763 (La.App. 4th Cir. 1984), rev’d and rem’d, 458 So.2d 1275 (La.1984).
Based upon LSA-C.C. Art. 2203 and the Louisiana jurisprudence as they were at the time the judgment was rendered herein on February 6, 1984, the trial court’s decision was correct. However, in November, 1984, the Louisiana Supreme Court rendered its opinion in Carona v. State Farm Ins. Co., 458 So.2d 1275 (La.1984) and four other consolidated cases. In Carona, the Supreme Court held that the release of the tortfeasor without the reservation required by LSA-C.C. Art. 2203 does not forfeit a plaintiff’s right to proceed against his uninsured motorist carrier because “[Ajrticle 2203 conflicts with and has been superced-ed by La.R.S. [22:]1406(D)(4) of the UM [uninsured motorist] statute ...”. Carona v. State Farm Ins. Co., 458 So.2d 1275, at page 1278 (La.1984).
For the reasons set forth in Carona, supra, we find that plaintiff did not release defendant from liability by her mere failure to reserve her rights against defendant in her written release of Southeastern. For this reason, we reverse the decision of the trial court and remand this matter for further proceedings consistent with this opinion.
All costs of this appeal are assessed to defendant-appellee.
REVERSED AND REMANDED.

. Prior to January 1, 1985, LSA-C.C. Art. 2203 provided:
"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission.”
The amended subject matter of this article is now found in LSA-C.C. Art. 1803.