# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 09-187

**JONNIE BUFORD & JENNIFER BUFORD**

**VERSUS**

**LEAH BLANCHARD, STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., TODD LASSEIGNE, & ALLSTATE INSURANCE CO.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 67041
HONORABLE WILLIAM D. HUNTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and J. David Painter, Judges.

**AFFIRMED.**

**Matthew D. Fontenot**
**P.O. Box 4305**
**Lafayette, LA  70502**
**Counsel for Defendant-Appellant:**
   **Safeway Insurance Company of Louisiana**

**Robert L. Ellender**
**P.O. Box 3537**
**Lafayette, LA  70502**
**Counsel for Defendant-Appellee:**
   **Allstate Insurance Co.**

**David Groner**
**230 W. Main St.**
**New Iberia, LA 70560**
**Counsel for Plaintiffs-Appellees:**
   **Jonnie Buford and Jennifer Buford**

**PAINTER, Judge.**

This appeal concerns the interpretation of a release of Jonnie and Jennifer Buford's claims rising out of a vehicular accident. Safeway Insurance Company (Safeway) appeals the trial court's determination that Safeway was not released by the Release of All Claims entered into by the Bufords on March 24, 2006. Finding no error in the trial court's decision, we affirm its judgment.

## FACTS AND PROCEDURAL HISTORY

This suit results from a three car chain collision. It is undisputed that the Buford vehicle was at the front of the chain, followed by the vehicle operated by Leah Blanchard, and the vehicle driven by Todd Lasseigne in the final position. In August 2003, the Bufords filed suit against Blanchard and her insurer, State Farm Automobile Insurance Company (State Farm), and Todd Lasseigne and his insurer, Allstate Insurance Company (Allstate). Safeway was added to the suit as an excess insurer of Lasseigne in January 2006. On March 24, 2006, the Bufords entered into a Release of All Claims with Lasseigne and Allstate. In January 2007, Safeway filed a motion for summary judgment asserting that the Release of All Claims served to release it from liability. After a hearing, the trial court denied the motion. Safeway applied to this court for a supervisory writ. This court denied the writ finding no abuse of the trial court's discretion in the denial of the motion for summary judgment.

The matter was tried by the court on December 4, 2007. After hearing evidence, the court took the case under advisement and, on March 12, 2008, issued written reasons for judgment, which it amended on April 23, 2008. Judgment was rendered on April 23, 2008. Safeway filed a motion for suspensive appeal, and Allstate has answered the appeal.

1

# DISCUSSION

On appeal, Safeway assigns error with regard to the trial court's determination that it was not released by the Release of All Claims entered by the Bufords. Safeway relies on the following language in the Release of All Claims:

> Appearers declare that for and in consideration of the payment of the aforesaid amount this day received by them, they do hereby release, acquit and forever discharge TODD LASSEIGNE and ALLSTATE INSURANCE COMPANY, its and/or their employees, insurers, agents and representatives and any and all other persons, firms, corporations, partnerships and parties whomsoever, of and from any and all past, present and/or future claims, demands, losses, damages, medical expenses, disability benefits, causes of action and rights of action whatsoever, whether in tort, contract or under any other laws of the State of Louisiana or of the United States, known and unknown, anticipated and unanticipated, which Appeasers may or might have and/or to which they may be entitled, in any way resulting from and/or to result from the accident which occurred on or about August 26, 2002 on Louisiana Highway 96 in the City of St. Martinville, St. Martin Parish, Louisiana … .

The trial court, in its written reasons for judgment and its amended reasons for judgment, relies on the following language also found in the Release of All Claims:

> Appearers further declared that the aforesaid amount received by them is also received in full, final and complete compromise settlement of any and all claims asserted by them adverse to Todd Lasseigne and Allstate Insurance Company in the suit entitled "Jonnie Buford and Jennifer Buford v. Leah Blanchard, State Farm Mutual Automobile Insurance Company, Todd Lasseigne & Allstate Insurance Company",bearing Docket Number 67041-D on the docket of the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, and they do hereby authorize and direct their attorney to dismiss Todd Lasseigne and Allstate Insurance Company with full prejudice to all of their rights. **Appearers further reserve any and all rights against any other parties**, including but not limited to Leah Blanchard and State Farm Mutual Automobile Insurance Company.

(Emphasis added.)

The court, in its amended reasons for judgment, found as follows:

> On May 12, 2006, on joint motion of the plaintiffs and defendants, Todd Lasseigne and Allstate Insurance Company, this Court

2

dismissed, with prejudice, all claims asserted in this matter adverse to Todd Lasseigne and Allstate Insurance Company. Additionally, on or about March 24, 2006, plaintiffs executed a Release of All Claims in order to settle this matter with regard to Todd Lasseigne and Allstate Insurance Company. Safeway Insurance Company is the liability insurer of Todd Lasseigne and contends that the release executed on March 24, 2006 also released Safeway as insurer of Todd Lasseigne. Plaintiffs counter that the language in the release that reserves rights against "any other party" pertains to Safeway as the language reserves rights against "any other party" not named as a released party. Louisiana Civil Code Article 2203 reads, in part: "The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter." *Hoffpauir v. Kansas City Southern Railroad*, 219 So.2d 29 (La. 3rd Cir. 1969) extends the above quoted portion of Louisiana Civil Code Article 2203 to debtors ex delicto, as well as to debtors ex contractu. Plaintiffs have success[fully] reserved their rights against any other party than those named in the release, namely Todd Lasseigne and Allstate Insurance Company by including a Reservation of Rights section. As Safeway is not a named party [to the Release], it has not been released by plaintiffs and is considered an "other party" contemplated by the Reservation of Rights section of the release.

The Louisiana Supreme Court in *Brown ex rel. Brown v. Drillers, Inc.*, 93-1019, pp.17-22 (La. 1/14/94), 630 So. 2d 741, 748-750 (footnotes omitted), discussed the interpretation of settlement contracts:

> LSA-C.C. Art. 2046 sets forth a general rule of construction, providing that "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." LSA-C.C. Art. 2046 (emphasis supplied). The underscored word "further" in this article signifies the true nature of contractual interpretation. The determination that the language contained in a contract is clear and explicit, in itself, involves an interpretive process. For that reason, LSA-C.C. Art. 2046 emphasizes that the process involves no further interpretation, as opposed to no interpretation at all. *Exposé Des Motifs of the Project of Titles III and IV of Book III of the Civil Code of Louisiana*, p. 67 (1984); R. MacLean, *Judicial Discretion in the Civil Law*, 43 La. L.Rev. 45, 55-56 n. 28 (1982).

> LSA-C.C. Art. 3073 contains a supplementary rule of construction governing the interpretation of the operative language, and the determination of the scope, of a compromise agreement. LSA-C.C. Art. 3073 provides that a compromise agreement extends only to those matters that the parties expressly intended to settle and that the scope of

3

the transaction cannot be extended by implication. *See* Comment, *Compromise in Louisiana*, 14 Tul.L. Rev. 282, 283 (1940). More precisely, LSA-C.C. Art. 3073 set forth the following four factors to be considered in determining the scope of a compromise instrument:
[1] transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties,

[2] whether it be explained in a general or particular manner,

[3] unless it be the necessary consequence of what is expressed; and

[4] they do not extend to differences which the parties never intended to include in them.

We utilize these four factors below as the framework for analyzing the issue of contractual interpretation presented in the instant case.

In applying the rule of construction set forth in LSA-C.C. Art. 3073, courts are guided by the general principle "that the contract must be construed as a whole and in light of attending events and circumstances." *Succession of Teddlie*, 385 So. 2d 902, 904 (La. App. 2d Cir.), *writ refused*, 393 So. 2d 742 (La. 1980); LSA-C.C. Art. 2050. Thus, the intent which the words of the compromise instrument express in light of the surrounding circumstances at the time of execution of the agreement is controlling.

The meaning and intent of the parties to a written instrument, including a compromise, is ordinarily determined from the four corners of the instrument, and extrinsic (parol) evidence is inadmissible either to explain or to contradict the terms of the instrument. *Maltby v. Gauthier*, 526 So. 2d 455, 457 (La. App. 5th Cir.), *writ denied*, 531 So. 2d 474 (La. 1988); *Smith v. Leger*, 439 So. 2d 1203 (La. App. 1st Cir. 1983). Louisiana courts, however, have crafted a special exception to the extrinsic evidence rule for compromise agreements based on an *in pari materia* reading of LSA-C.C. Art. 3073's provision that a compromise extends only to those differences the parties' clearly comprehended and LSA-C.C. Art. 3079's provision that an error as to the subject matter in dispute is a ground to rescind a compromise. *Moak v. American Automobile Ins. Co.*, 242 La. 160, 134 So. 2d 911 (1961).

*Moak, supra* stands for the proposition that when a dispute arises as to the scope of a compromise agreement, extrinsic evidence can be considered to determine exactly what differences the parties intended to settle. Following *Moak*, a long line of jurisprudence holds that a general release will not necessarily bar recovery for those aspects of a claim not intended by the parties to be covered by the release. Under that jurisprudential rule, the parties to a release instrument are permitted to raise a factual issue as to whether unequivocal language in the

instrument was intended to be unequivocal.

Louisiana courts, however, have tempered that jurisprudential rule, recognizing that absent some substantiating evidence of mistaken intent, no reason exists to look beyond the four corners of the instrument to ascertain intent. *Duet v. Lucky*, 621 So. 2d 168, 173 (La. App. 4th Cir. 1993). Utilizing a case-by-case, factual analysis, Louisiana courts have limited the rule's application to cases in which substantiating evidence is presented establishing either (1) that the releasor was mistaken as to what he or she was signing, even though fraud was not present; or (2) that the releasor did not fully understand the nature of the rights being released or that the releasor did not intend to release certain aspects of his or her claim. *Higgins v. Spencer*, 531 So. 2d 768, 772 (La. App. 1st Cir.), *writ denied*, 532 So. 2d 106 (La. 1988). When the factual circumstances surrounding the execution of the release instrument do not fall within either of the above categories, Louisiana courts, applying LSA-C.C. Art. 2046's general rule of construction, have not hesitated to confine their analysis to the four corners of the instrument. n12 When, as in that instance, a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and thus summary judgment is appropriate. *Wilson v. Cost + Plus of Vivian, Inc.*, 375 So. 2d 683, 685 (La. App. 2d Cir. 1979); *Horton v. Mobley*, 578 So. 2d 977, 982 (La. App. 2d Cir. 1991).

In this case the two apparently conflicting provisions of the release result in ambiguity. Therefore, it is appropriate to look to the intent of the parties in interpreting the contract. After reviewing the Release of All Claims and the record herein, we conclude that the intent of the parties was to effect a release of Lasseigne and Allstate only. Accordingly, we find no error in the trial court's determination that Safeway was not released.

Having so found, we need not address the issues raised Allstate's answer to the appeal since they concern only situations which would occur if Safeway was successful in this appeal.

5

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed.  Costs of this appeal are assessed to Defendant-Appellant, Safeway Insurance Company.

**AFFIRMED.**