418 So.2d 575 (1982)
William HOEFLY & Joann C. Hoefly
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al.
No. 81-C-2770.
Supreme Court of Louisiana.
June 21, 1982.
Rehearing Denied September 3, 1982.
*576 A. R. Snell, Fayard & Snell, Bossier City, for applicant-plaintiff.
Roland J. Achee, Nelson & Achee, Ltd., Samuel W. Caverlee, Cook, Yancey, King & Galloway, Shreveport, for respondent-defendant.
DENNIS, Justice.
The question presented by this case is whether an automobile accident victim's uninsured motorist carrier is solidarily obliged with the tortfeasor so that the victim's timely suit against the latter interrupts prescription with regard to the insurer. The court of appeal affirmed the trial court's judgment sustaining the insurer's plea of prescription, holding that the plaintiffs' timely suit against two tortfeasors, one uninsured and another underinsured, failed to interrupt prescription because the uninsured motorist insurer and the tortfeasors were not solidary obligors. We reverse. An obligation is solidary among debtors when they are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor. When these characteristics result from provisions of law, as in the case of the obligation of the tortfeasor and uninsured motorist carrier, an obligation in solido exists without requiring an express declaration. Consequently, the plaintiff's timely and properly filed suit against the tortfeasors interrupted prescription as to his uninsured motorist carrier.
This suit arises out of an automobile accident which occurred on November 1, 1976, when Mrs. Joann C. Hoefly was struck and injured by an automobile driven by Kim Lewiston, a minor, as Mrs. Hoefly was getting out of her own vehicle. On October 12, *577 1977, Mrs. Hoefly and her husband filed this suit against Neftali Rodriquez, the owner of the automobile driven by Kim Lewiston, Mrs. Margaret C. Lewiston, the mother of Kim Lewiston, and Government Employees Insurance Company, Mrs. Lewiston's liability insurer. In their original and amended petitions the plaintiffs alleged that Kim Lewiston was negligent in operating the vehicle without an operator's license, failing to maintain proper speed and control of the vehicle, and in failing to discover a defective condition in the vehicle. Plaintiffs also alleged that Rodriquez was negligent in allowing an unlicensed minor to operate the vehicle, failing to maintain the vehicle in proper working condition and in seizing the steering wheel from the minor just before the accident. On September 5, 1980, plaintiffs filed an amended and supplemental petition naming Allstate Insurance Company, the Hoeflys' uninsured motorist carrier, as a defendant and alleging that Rodriquez was an uninsured motorist and that the insurance provided by Government Employees to Mrs. Lewiston was insufficient to pay for all of the damages sustained by plaintiffs. Allstate filed a peremptory exception of prescription which was sustained by the trial court. Plaintiffs appealed and the court of appeal affirmed. 403 So.2d 853 (La.App. 2d Cir. 1981). We granted certiorari to review the appeals court's holding that "[a]n uninsured motorist carrier is not liable in solido with the tort-feasor; therefore the filing of suit against the tort-feasor and/or his liability insurer does not interrupt prescription against the uninsured motorist carrier of the injured party." Id. p. 854-855.
Allstate's plea of prescription is based on the circumstance that the accident occurred on November 1, 1976, whereas the amended and supplemental petition naming it as a defendant was not filed until September 5, 1980. It is thus urged that the action for recovery of damages sustained in a motor vehicle accident brought pursuant to uninsured motorist insurance coverage has prescribed, having been filed more than two years after the date of the accident in which the damage was sustained. La.R.S. 9:5629 (Supp.1977). The plaintiffs, however, rely upon the timely institution of their suit against Mr. Rodriquez, Mrs. Lewiston and her insurer as an interruption of prescription.
In our opinion, the trial court and the court of appeal incorrectly decided that Allstate's plea of prescription should be sustained. The timely and proper filing of the suit against Mr. Rodriquez, Mrs. Lewiston and her insurer prevented the accrual of prescription against them. La.R.S. 9:5801 provides: "All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. * * *" Since the original filing of the suit interrupted prescription against Mr. Rodriquez, Mrs. Lewiston and her insurer, it also interrupted prescription against Allstate. "A suit brought against one of the debtors in solido interrupts prescription with regard to all." La.C.C. art. 2097. Although the court of appeal held, and Allstate contends, that the filing of suit against the tortfeasor and his liability insurer does not interrupt prescription against the uninsured motorist carrier of the injured party, we are constrained to disagree.
Under Civil Code Article 2091, "[t]here is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor." When an obligation fulfills this definition and contains these ingredients, the obligation is in solido. Sampay v. Morton Salt Co., 395 So.2d 326 (La.1981); Foster v. Hampton, 381 So.2d 789 (La.1980); Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724 (La. 1973); Thomas v. W. W. Clarklift, Inc., 375 So.2d 375 (La.1979) (Dennis, J., concurring); Wooten v. Wimberly, 272 So.2d 303 (La. 1972) (Tate, J., concurring and Barham, J., dissenting); Kern v. Travelers Insurance Co., 407 So.2d 2 (La.App. 4th Cir. 1981); Granger v. General Motors Corp., 171 So.2d *578 720 (La.App. 3d Cir. 1965); Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1st Cir. 1960); The Work of the Louisiana Appellate Courts for the 1973-1974 TermObligations, 35 La.L.Rev. 280, 297 (1975). As we analyze the obligation in this case, it satisfies the prerequisites for a solidary obligation.[1]
The tortfeasor and the uninsured motorist carrier are obliged to the same thing. A tortfeasor is obliged to repair the damage that he has wrongfully caused to the innocent automobile accident victim. La.C.C. art. 2315. Subject to conditions not granted the tortfeasor, the uninsured motorist carrier is independently obliged to repair the same damage. By effect of the uninsured motorist statute, La.R.S. 22:1406(D)(1)(a), and its insuring agreement, the plaintiffs' uninsured motorist carrier is required to pay, subject to statutory and policy conditions, amounts which they are entitled under other provisions of law to recover as damages from owners or operators of uninsured or underinsured motor vehicles. By effect of law and the terms of the insuring agreement, therefore, both the uninsured motorist carrier and the tortfeasor are obliged to the same thing. The Work of the Louisiana Appellate Courts, 1974-1975 TermObligations, 36 La.L.Rev. 375, 379-380 at n. 23; The Work of the Louisiana Appellate Courts for the 1967-1968 TermInsurance, 29 La.L.Rev. 253, 257 (1969); The Work of the Louisiana Appellate Courts for the 1966-1967 TermInsurance, 28 La.L.Rev. 372, 373-374 (1968).
The tortfeasor and the uninsured motorist carrier each may be compelled for the whole. The principal result of solidarity is to prevent the division of the debt and to obligate each debtor for the whole, as if he were alone. 2 M. Planiol, Civil Law Treatise, pt. 1, no. 745 (11th ed. La.St.L.Inst. trans. 1959). This essential element of solidarity, that each debtor may be compelled for the whole, means simply that the debtor who has been sued cannot plead the benefit of division, which was invented for the benefit of sureties whereby the creditor is required to divide his action between them. This is covered expressly in Article 2094 because under the ancient law several attempts had been made to extend benefit of division to solidary co-debtors. That each debtor is held for the whole, i.e., unable to plead the benefit of division, is solidarity's most direct consequence. 2 M. Planiol, supra, no. 746.
This requisite of solidarity is satisfied in the case of the uninsured motorist and the tortfeasor because neither may plead the benefit of division, as if each were alone. To permit the tortfeasor or uninsured motorist carrier to plead the benefit of division would be inimical to the legislative aim of the uninsured motorist statute. The object of that legislation is to promote full recovery for damages by innocent automobile accident victims by making uninsured motorist coverage available for their benefit as primary protection when the tortfeasor is without insurance and as additional or excess coverage when he is inadequately insured. Bond v. Commercial Union Assur. Co., 407 So.2d 401, 407 (La.1981) (on rehearing); Booth v. Fireman's Fund Ins.'Co., 253 La. 521, 218 So.2d 580, 28 A.L.R.3d 573 (1968). The statute is to be liberally construed to carry out this objective of providing reparation for those injured through no fault of their own. Niemann v. Travelers Insurance Co., 368 So.2d 1003 (La.1974); Elledge v. Warren, 263 *579 So.2d 912 (La.App. 3d Cir. 1972); Valdez v. Fed. Mut. Ins. Co., 272 Cal.App.2d 223, 77 Cal.Rptr. 411 (1969). The legislation cannot be construed, therefore, to benefit the insurer and the tortfeasor by requiring the accident victim to divide his action between them.
The uninsured motorist carrier is obliged differently from the tortfeasor because its liability is conditioned by the tortfeasor's total or partial lack of liability insurance, the type of damage he has caused and any limits in the insurer's policy that are permitted by law. Contrary to Allstate's arguments, however, the terms and conditions which have been allowed the uninsured motorist carrier by law and by contract, while the tortfeasor is bound pure and simple, do not prevent the uninsured motorist carrier and the tortfeasor from being obliged to the same thing or being unable to plead the benefit of division. "The obligations may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing; for instance, if the one be but conditionally bound, whilst the engagement of the other is pure and simple, or if the one is allowed a term which is not granted to the other." La.C.C. art. 2092. See, American Bank and Trust Co. v. Blue Bird Rest. & Lounge, Inc. 290 So.2d 302 (La.1974); Pearson v. Hartford Accident & Ind. Co., 281 So.2d 724 (La.1973); Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1st Cir. 1960).
For similar reasons, the fact that the uninsured motorist carrier is bound by the combined effect of the tortfeasor's wrongful act, the uninsured motorist statute, and the carrier's delivery or issuance for delivery of automobile liability insurance, while the tortfeasor is obliged merely because of his delict, does not prevent there being an obligation in solido on the part of the debtors. The obligation may be in solido even though the obligations of the obligors arise from separate acts or by different reasons. La.C.C. arts. 2091, 2092. Pearson v. Hartford Accident & Ind. Co., supra. Granger v. General Motors Corp., supra; Hidalgo v. Dupuy, supra; Finance Security Co. v. Williams, 42 So.2d 310 (La.App. 1st Cir. 1949); Kirtland v. J. Ray McDermott & Co., 568 F.2d 1166, 1171 (5th Cir. 1978); Avondale Shipyards v. Vessell Thomas E. Cuffe, 434 F.Supp. 920, 932 (E.D.La.1977); Developments in the Law, 1979-1980Obligations, 41 La.L.Rev. 355, 357 (1981).
When payment is made by either the tortfeasor or the uninsured motorist carrier the other is exonerated toward the creditor as to the solidary obligation. This is a direct consequence of each debtor being obliged to the same thing so that each may be compelled for the whole, as if he were the sole debtor. 4 C. Aubry & C. Rau, supra, p. 27. Moreover, the underlying purpose of both delictual responsibility and uninsured motorist coverage is to promote and effectuate complete reparation, no more or no less. Accordingly, as to the debt to which the tortfeasor and uninsured motorist carrier are solidarily obliged, payment of it by one exonerates the other toward the creditor.
When an obligation by effect of law contains the requirements or fulfills the definition of Article 2091, the obligation is in solido and the law from which it results need not state that the obligation is solidary. "Article 2093 provides that `[a]n obligation in solido is not presumed; it must be expressly stipulated.
This rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law.'" The first paragraph of Article 2093 dealing with conventional solidarity, requires that it be expressly stipulated. But it is otherwise with regard to the second paragraph of the same article which, dealing with legal solidarity, admits it in all cases where it results from a provision of law, without requiring an express declaration. 4 C. Aubry & C. Rau, Droit Civil Francais, § 298b Note 13 (6th ed. Bantin) in A. Yiannopoulos, 1 Civil Law Translations 24 (1965); Cline v. Crescent City R. Co., 41 La.Ann. 1031, 6 So. 851 (1889); Hidalgo v. Dupuy, supra; Finance Security Co. v. Williams, supra. The previous expressions to the contrary by this court in Wooten v. Wimberly, 272 So.2d 303 (La. *580 1973) and Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373 (1948), which have received scholarly criticism, Wooten v. Wimberly, supra (Tate, J., concurring and Barham, J., dissenting); The Work of the Louisiana Appellate Courts, 1972-1973 Obligations, 34 La.L.Rev. 231 (1974); Note, The Nonsolidness of Solidarity, 34 La.L. Rev. 648 (1974); Comment, Prescribing Solidarity: Contributing to the Indemnity Dilemma, 41 La.L.Rev. 657, 674-676, and have been substantially undermined, Sampay v. Morton Salt Co., supra; Foster v. Hampton, supra; Kern v. Travelers Insurance Co., supra, are now expressly over ruled.
The solidary obligation in the present case results primarily from provisions of law, viz., the general rules of delictual responsibility, La.C.C. arts. 2315, et seq., and the uninsured motorist statute, La.R.S. 22:1406(D). Although an insurer must deliver or issue for delivery automobile liability insurance in order to be bound, the basic ingredients of the obligation are provided and required by law. Under these circumstances, the obligation is solidary by operation of law, without requiring an express declaration.
Allstate argues that the conclusion we have reached will cause all effects of solidarity to be applied in uninsured motorist cases. Care should be taken by civilian attorneys and jurists to be on guard against applying one segment of the code in isolation from others. Neither the Civil Code nor the revised statutes were intended to be applied in this manner. A full delineation of the relationship between the tortfeasor and the uninsured motorist carrier after payment of the debt owed by them solidarily is beyond the scope of this case. However, it is clear that the Civil Code recognizes that debtors, although solidarily bound for the creditor's benefit, may have differing relationships among themselves. The conclusion that debtors are solidarily bound does not alone determine the rights and obligations of the debtors in relation to each other. La.C.C. arts. 2103, 2104, 2106; 2 M. Planiol, supra, nos. 767-771; Wooten v. Wimberly, supra (Tate, J., concurring). The Work of the Louisiana Appellate Courts for the 1972-1973 TermObligations, 34 La.L.Rev. 231, 233 (1974).
For the foregoing reasons, the judgment of the court of appeal is reversed and the case is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
CALOGERO, J., dissents and assigns reasons.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor. La.Civ.Code art. 2091. An obligation in solido is not presumed; it must be expressly stipulated. This rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law. La.Civ.Code art. 2093. I do not consider that an injured party's U/M carrier is liable in solido with the tortfeasor. U/M coverage is a contract whereby the insurer agrees to indemnify the insured in the event that the insured is injured by a tortfeasor who is uninsured or underinsured. There is no relationship, contractually or otherwise, between the U/M carrier and the tortfeasor. The obligation of the tortfeasor to repair the damage that he has caused is not the same as the obligation of the U/M carrier under its insurance contract. Moreover, there is no provision of law which makes the U/M carrier liable in solido with the tortfeasor. Compare La. Civ.Code art. 2324 which makes joint tortfeasors "answerable in solido." Accordingly, I respectfully dissent.
*581 CALOGERO, Justice, dissenting.
I dissent from the majority opinion because in my view the requirements for solidarity expressed in La.C.C. art. 2091 are not met in this case; the payment by one of the debtors (uninsured motorist carrier) does not exonerate the other (tortfeasor).
La.R.S. 22:1406(D)(4) does not grant the uninsured motorist carrier, which pays its insured in the appropriate case, the right of legal subrogation. To the contrary, the provision only gives the uninsured motorist carrier a right of reimbursement from "the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person [the insured] against any person or organization legally responsible for the bodily injury for which such payment is made." Thus, under this provision, there is no exoneration of the tortfeasor because of payment by the uninsured motorist carrier. The victim/insured may assert his claim against the tortfeasor with a right in the uninsured motorist carrier to be reimbursed from the insured out of any recovery.
Insofar as the insured and the insurer may contract in the policy to give the insurer a right to conventional subrogation [See Niemann v. Travelers Ins. Co., 368 So. 1003 (La.1979) and Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La.1981), on rehearing], the tortfeasor is not exonerated toward the claimant by the payment by the uninsured motorist carrier. At best it can be said that the conventional subrogation effects an assignment of the claimant's right against the tortfeasor to the uninsured motorist carrier.
BLANCHE, Justice (dissenting).
Louisiana law requires all insurers to extend uninsured motorist coverage to their insureds, unless such coverage is explicitly waived by the insured. Under the uninsured motorist portion of an insurance policy, the uninsured motorist carrier contracts to indemnify the insured, in the event the insured is injured by a tortfeasor who is unable to fully respond in damages. The sole basis of the uninsured motorist carrier's liability to the insured remains the contract of insurance, to which the tortfeasor is not a party.
The majority opinion correctly notes that "[a]n obligation in solido is not presumed; it must be expressly stipulated. This rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law." Civil Code Art. 2093. In erroneously concluding that the relationship between the uninsured motorist carrier and the tortfeasor is one of legal solidarity, the majority completely ignores the absence of a most vital element present in all other cases of legal solidarity. There must be some relationship between the two parties who are to be held solidarily liable. The solidary relationship between an employer and his employees is premised upon the employment relationship which exists between these parties. A principal becomes solidarily liable with his agent by virtue of their unique relationship. The solidary relationship of a liability insurer and its insured is founded upon the vital contract of insurance which binds these two parties.
In all other cases in which legal solidarity arises, there exists some relationship between the parties who are held solidarily liable. By contrast, there is no relationship, contractual or otherwise, between the uninsured motorist carrier and the tortfeasor. A solidary relationship between the uninsured motorist carrier and the tortfeasor does not exist by virtue of some provision of the law;[1] rather, it is purely the creation of the majority opinion. Such judicial legislation is beyond the bounds of our authority. By the express provisions of C.C. art. 2093, we cannot presume a solidary relationship where none is intended to exist.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] Since this court has rejected the distinction between "perfect" and "imperfect" solidarity, Foster v. Hampton, supra at 791, we need not analyze the nature of the present obligation from this standpoint, although the exercise may prove interesting from an historical and academic perspective. See 2 M. Planiol, Civil Law Treatise, pt. 1, nos. 777-779 (11th ed. La.St.L.Inst. trans. 1959); 4 C. Aubry & C. Rau, Droit Civil Francais, § 298b (6th ed. Bartin) in A. Yiannopoulos, 1 Civil Law Translations 20-21 (1965); The Work of the Louisiana Appellate Courts for the 1967-1968 TermInsurance, 29 La.L.Rev. 253 (1969); The Work of the Louisiana Appellate Courts for the 1973-1974 TermObligations, 35 La.L.Rev. 291 (1975); The Work of the Louisiana Appellate Courts for the 1974-1975 TermObligations, 36 La.L. Rev. 375 (1976); Comment, Solidary Obligations, 25 Tul.L.Rev. 217 (1951); Comment, Prescribing Solidarity: Contributing to the Indemnity Dilemma, 41 La.L.Rev. 657 (1981).
[1] Compare C.C. art. 2324, which establishes a solidary relationship between joint tortfeasors.