441 So.2d 72 (1983)
Mary H. Decedue, wife of/and Charles DECEDUE
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY.
No. 83 CA 429.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1983.
Rehearing Denied December 19, 1983.
William W. Hall, Hall, Lentini, Mouledoux & Wimberly, Metairie, for plaintiff-appellant.
Carmelite M. Bertaut, Hammett, Leake & Hammett, New Orleans, for defendant-appellee.
Before KLIEBERT, CURRAULT and DUFRESNE, JJ.
*73 KLIEBERT, Judge.
The trial judge had a combined hearing on the defendant's, Government Employees Insurance Company (hereafter GEICO), motion for a summary judgment and exceptions of no cause of action and res judicata. He dismissed the motion for summary judgment and the exception of no cause of action, but maintained the exception of res judicata, thus dismissing plaintiff's suit against GEICO, the plaintiff's underinsured and uninsured insurance carrier.
The dismissal was grounded in the fact that Mrs. Mary Decedue, wife of/and Charles Decedue, plaintiffs, settled their claims against the alleged tortfeasor (Jack White, Jr. and Ace Transfer Company, Inc.) without reserving their rights against GEICO. In the trial court and here, GEICO contends, under Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982), it was liable in solido with the alleged tortfeasor; hence, under La.C.C. Article 2203, the release of the alleged tortfeasor without reservation of rights against GEICO served to discharge GEICO from the obligation. The trial judge agreed and upheld the exception of res judicata. We affirm.
For the reasons stated by the minority opinions in the Hoefly case, supra, in our view the tortfeasor and GEICO are not solidary obligors. As an intermediate appellate court, however, we are duty bound to apply the holding of the majority opinion in Hoefly, supra. Once the concept of a solidary obligation between the tortfeasor and the underinsured or uninsured insurance carrier is accepted, our inquiry is limited to applying the provisions of La.C.C. Article 2203 to the facts presented here.
La.C.C. Article 2203 provides:
"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.

In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission." (Emphasis supplied)
The plaintiffs settled their claim with the tortfeasor and his insurer (who had $100,000.00 of coverage) for $95,000.00 and executed a release of the tortfeasor, his insurer and "all other persons, firms and corporations from all claims and demands ..." The existence and execution of the release is undisputed.
Clearly, under La.C.C. Article 2203, the failure of the plaintiffs to reserve their rights against GEICO resulted in its discharge. Accordingly, we affirm the judgment of the trial court. Each party to bear his own cost of the appeal.
AFFIRMED.