444 So.2d 763 (1984)
Joseph CORONA, Jr.
v.
STATE FARM INSURANCE COMPANY.
No. CA-0694.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1984.
Writ Granted March 16, 1984.
William H. Penniger, Gregory J. Avery, Orrill & Avery, New Orleans, for plaintiff-appellant Joseph Corona.
C. Gordon Johnson, Jr., Daniel R. Hynes, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant-appellee State Farm Mut. Auto. Ins. Co.
Before KLEES, BARRY and WILLIAMS, JJ.
KLEES, Judge.
Plaintiff-appellant Joseph Corona, Jr., filed this action against State Farm Mutual Insurance, defendant-appellee, his personal insurance carrier, to recover damages under the uninsured/underinsured portion of his policy.
State Farm filed an exception of no cause or right of action and alternatively a motion for summary judgment. Their motion was based upon the fact that Corona had previously released the alleged tortfeasor *764 (Diane Byrd and her insurer Travelers Insurance Co.) without expressly reserving his rights to proceed against State Farm. They further contended that under the recent Louisiana Supreme Court holding in Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982), they were liable in solido with the alleged tortfeasors, thus under LA.C.C. art. 2203, the release of the alleged tortfeasor without reservation of rights against State Farm served to discharge State Farm from any obligation.
The trial court granted the motion for summary judgment, dismissing Corona's suit. From this ruling he appeals. The issue presented in this appeal is whether or not the trial court erred in finding that the plaintiff's release of the tortfeasor without any reservation of rights also released the defendant insurer. Because we find no error in the trial court's decision, we affirm.
The issues presented in this case are exactly those presented before a panel of our Brothers on the Fifth Circuit in Decedue v. Government Employees Insurance Company, 441 So.2d 72 (La.App. 5th Cir. 1983). In affirming the dismissal of the uninsured/underinsured carriers, Judge Kliebert, speaking for the Court said:
"For the reasons stated by the minority opinions in the Hoefly case, supra, in our view the tortfeasor and GEICO are not solidary obligors. As an intermediate appellant court, however, we are duty bound to apply the holding of the majority opinion in Hoefly, supra. Once the concept of a solidary obligation between the tortfeasor and the underinsured or uninsured insurance carrier is accepted, our inquiry is limited to applying the provisions of La.C.C. Article 2203 to the facts presented here.
La.C.C. Article 2203 provides:
`The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.

In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission.' (Emphasis supplied)
The plaintiffs settled their claim with the tortfeasor and his insurer (who had $100,000 of coverage) for $95,000.00 and executed a release of the tortfeasor, his insurer and `all other persons, firms and corporations from all claims and demands...' The existence and execution of the release is undisputed.
Clearly, under La.C.C. Article 2203, the failure of the plaintiffs to reserve their rights against GEICO resulted in its discharge."
See also: Wells, et ux v. Hartford Accident and Indemnity Co., et al., 437 So.2d 295 (La.App. 3rd Cir.1983); Compare: Dobard v. State Farm, 437 So.2d 366 (La. App. 4th Cir.1983).
We also are pursuaded by the views presented in the dissenting opinions in Hoefly, which would find no solidary obligation between the tortfeasor and State Farm in this circumstance. Nonetheless we must follow the majority. We have noted that the majority opinion indicates that not all effects of solidarity were intended to be addressed:
"Allstate argues that the conclusion we have reached will cause all effects of solidarity to be applied in uninsured motorist cases. Care should be taken by civilian attorneys and jurists to be on guard against applying one segment of the code in isolation from others. Neither the Civil Code nor the revised statutes were intended to be applied in this manner. A full delineation of the relationship between the tortfeasor and the uninsured motorist carrier after payment of the debt owed by them solidarily is beyond the scope of this case. However, it is clear that the Civil Code recognizes that debtors, although solidarily bound for the creditor's benefit, may have differing relationships among themselves. The conclusion that debtors are solidarily bound does not alone determine the rights and obligations of the *765 debtors in relation to each other. La. C.C. arts. 2103, 2104, 2106; 2 M Planio, supra, nos. 767-771; Wooten v. Wimberly [272 So.2d 303 (La.1972)] supra, (Tate, J., concurring). The Work of the Louisiana Appellate Courts for the 1972-1973 TermObligations, 34 La.L.Rev. 231, 233 (1974)." Hoefly, supra, at p. 580 (emphasis supplied).
Nonetheless, the present result is inescapable.
Accordingly, we affirm the judgment of the trial court. Each party to bear his own costs of the appeal.
AFFIRMED.
WILLIAMS, J., concurs.