BOUTALL, Judge.
This appeal arises from the claim of an injured plaintiff against his automobile insurer for payment under the policy’s uninsured or underinsured motorist coverage. From a summary judgment in favor of the insurance company dismissing plaintiff’s suit, the plaintiff appeals.
Patrick J. Knight was injured in a collision between his automobile and a vehicle driven by Spyridon Soilemisis on November 21, 1980. Knight sued Soilemisis and his insurer, Louisiana Farm Bureau Mutual Insurance Company (“Louisiana Farm") along with his own insurer, Cumis Insurance Society, Inc. (“Cumis”). Prior to trial, on February 4, 1982, Knight released Soi-lemisis and Louisiana Farm after receiving payment of the policy limits. In the release Knight signed he failed to reserve the right to proceed against Cumis, although the wording released only the alleged tort-feasor and his insurer.
Cumis filed a motion for summary judgment on January 20, 1983, on grounds that under the holding of Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982), decided on June 21, 1982, the tortfeasor and the UM carrier are solidary obligors. By releasing Soilemisis and Louisiana Farm without expressly reserving his rights against other debtors in solido, the plaintiff exonerated Cumis Insurance Society, Inc. The motion was granted on March 7, 1983, dismissing the plaintiff’s suit. This appeal followed.
The issue before this court is whether the principle of solidary liability as enunciated in Hoefly v. Government Employees Ins. Co., supra, is applicable to the facts of this case, and payment by one party exonerated the other. The Hoefly case concerned an issue of prescription. There the Court found in favor of/the plaintiff by holding that the two insurers were solidary obligors, so that timely suit against the tortfeasor’s insurer interrupted prescription against the UM carrier and the plaintiff could proceed against the UM carrier even though he had released the tortfeasor.
This court applied the Hoefly rule in the case of Decedue v. Government Employees Insurance Company, 441 So.2d 72 (La.App. 5th Cir.1983), writ granted 446 So.2d 1216 (La.1984), and affirmed dismissal of the plaintiff’s suit on an exception of res judicata where the plaintiff had released the tortfeasor without reserving his rights against the UM insurer. The panel hearing the instant case was divided as to whether it was bound by Decedue to affirm dismissal of Knight’s suit, or whether the matter could be decided on the holding of Roy v. United Services A.A. Casualty Insurance Company, 453 So.2d 564 (La.1984), in which the Supreme Court interpreted the language in the plaintiff’s release as containing an express reservation of rights against other co-debtors in solido.
The question has been resolved by the Court’s decision in the consolidated case of Joseph Carona, Jr. v. State Farm Insurance Company, No. 84-C-0287, Paul Roche v. Cumis Insurance Society, Inc., No. 84-C-0279, Anthony J. Dalmado, Jr. v. Cumis Insurance Society, Inc., No. 84-C-0234, Lois E. Halter, wife of and Claude Cancienne v. Rodrigo M. Saaverda, The Fidelity and Casualty Company of New York and State Farm Insurance Company, No. 82-C-0274, and Mary H. Decedue, wife of/and Charles Decedue v. *424 Government Employees Insurance Company, 458 So.2d 1275 (La. 1984), which reversed the judgments and orders dismissing the plaintiffs’ suits against their UM insurers and remanded the cases to the district courts. The Court said, at page 1278:
“The technical rule of article 2203 serves as a barrier to full recovery by innocent accident victims, and thereby conflicts with the basic object of the UM legislation. It is inevitable, perhaps, that a rule criticized by Baudry-Lacantinerie [sic], Borde, Colmet de Santerre, Dema-lombe, Laurent, and Hue as being inexplicable before the turn of the century should clash hopelessly with social legislation necessitated by the twentieth century automotive age. See 1984 La.Acts, No. 331 Section 1, article 1803, Comment (e)-[1]
“More specifically, article 2203 conflicts with and has been superseded by La.R.S. 1406(D)(4) [La.R.S. 22:1406(D)(4) ], of the UM statute, which provides:
In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement of judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made.... (emphasis added)
“This statutory provision, and Civil Code article 2162, make it clear that when the UM insurer pays part of the damages to which the insured is entitled from a tortfeasor and receives a release from the insured, the insured is nevertheless entitled to exercise his right for the balance of the partially paid claim in preference to the insurer, even though the insurer and the tortfeasor are solidary obligors. See Bond, supra [Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La.1981)]; Southern Farm Bureau Casualty Ins., Co., 406 So.2d 178 (La.1981). These statutory provisions clearly imply that the insured’s right to recover from the UM insurer is afforded similar protection when he first receives payment for part of his damages from the tortfeasor. Any other interpretation would be unreasonable and would cause injuries of innocent, insured motorists to go unremedied, thus frustrating the legislative aim of the UM statute. Since full recovery is the goal of the legislation and because the tortfeasor and the UM carrier are codebtors in soli-do, we infer that a victim merely by his release of the tortfeasor does not forfeit any right against his UM carrier.
“For the foregoing reasons we conclude that when an automobile accident victim settles with his tortfeasor his claim against his UM insurer is not discharged merely because he does not expressly reserve his right against the latter in accordance with Civil Code article 2203....”
In accordance with the Supreme Court holding quoted above, we hold that the release signed by the plaintiff, Patrick J. Knight, releasing the defendants, Spyridon Soilemisis and Louisiana Farm Bureau Mutual Insurance Company, did not operate to exonerate Cumis Insurance Society, Inc. from its liability to Knight under the UM provision of his automobile insurance policy, and that the plaintiff’s suit was erroneously dismissed.
*425 Accordingly, the summary judgment appealed from is reversed, and the case is remanded for further proceedings consistent with this judgment.
REVERSED AND REMANDED.

. Effective January 1, 1985, article 2203 is abolished and replaced by new article 1803, which provides:
“Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the objigee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor.
"Surrender to one solidary obligor of the instrument evidencing the obligation gives rise to a presumption that the remission of debt was intended for the benefit of all the solidary obligors.”