LOBRANO, Judge.
Diane R. Buras, appellant, filed this action against her uninsured motorist carrier, State Farm Insurance Co., appellee, seeking recovery under the terms of that policy. Previous to the institution of these proceedings, appellant settled her claims against the alleged tort feasor, and his insurer, but failed to reserve her rights in the release agreement against appellee.
In response thereto appellee filed a motion for summary judgment under the theory espoused in Hoefly v. GEICO, 418 So.2d 575 (La.1982) wherein our Supreme Court held the underinsured/uninsured carrier to be a solidary obligor with the tortfeasor. Applying Civil Code Article 2203 and the post Hoefly[1] decisions, the trial court granted the summary judgment and dismissed appellant’s suit. We reverse.
After this appeal was lodged and brief filed our Supreme Court handed down its judgment in the consolidated cases of Corona v. State Farm, 458 So.2d 1275; Roche v. Cumis Insurance Society, Inc., 446 So.2d 1217; Dalmado v. Cumis Insurance Society, Inc., 446 So.2d 1216; Canci-enne v. Saaverdra, et al., 446 So.2d 1217; and Decedue v. GEICO, 446 So.2d 1216 (1984). That case makes it clear that it is not necessary for appellant to reserve her rights against her own insurance carrier to recover under the uninsured motorist provision.
*737 For the reasons stated in the above cited consolidated cases we reverse the decision of the lower court and remand for further proceedings.
REVERSED AND REMANDED.

. See Decedue v. GEICO, 441 So.2d 72 (La.App. 5th Cir.1983); Corona v. State Farm Insurance Co., 444 So.2d 763 (La.App. 4th Cir.1984).