WILLIAMS, Judge.
Plaintiff, Tony Kestler, was a guest passenger in a vehicle owned and operated by Louis Molero. Plaintiff was injured when the Molero vehicle was involved in a collision with a vehicle owned and operated by Don Russell, an uninsured motorist. Mr. Molero’s vehicle was insured by Prudential Property & Casualty Insurance Company, with coverage including uninsured motorist coverage with maximum limits of $10,-000/$20,000. Additionally, plaintiff’s father carried an automobile insurance policy issued by defendant Mid-American Indemnity Company which included uninsured motorist coverage.
Prior to filing the present suit plaintiff entered into a $6,042.00 settlement, agreement with Prudential pursuant to Molero’s UM coverage. Additionally, in return for $500.00 from Prudential, plaintiff executed a “covenant not to sue” either Prudential or its insured, Molero. While the releases did not discharge Prudential or Molero from liability, said releases did not include a reservation of rights as to defendant or any other party.
Subsequent to the settlement and execution of the documents, plaintiff filed suit against defendant, Mid-American Indemnity Company, as excess UM insurer. In responding to the suit defendant filed an Exception of No Right of Action and a Motion for Summary Judgment. Plaintiff’s suit was dismissed by the lower court which relied primarily on the decision of Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982). Plaintiff de-volutively appeals to this court.
Plaintiff’s appeal is based on two arguments: (1) that the Supreme Court’s decision in Hoefly is unsound in light of Louisiana law regarding solidary obligations, and (2) that if Hoefly does apply, the facts may be distinguished from those at hand. Since the plaintiff’s brief was filed, the Louisiana Supreme Court has decided Carona v. State Farm Insurance Co., 458 So.2d 1275 (La.1984), and in light of that decision, we reverse the decision below.
The issue that faced the Supreme Court in Carona was “whether a personal injury claimant who settles with an uninsured or underinsured tortfeasor renounces his rights against his uninsured motorist UM insurer if he fails to expressly reserve them.” 458 So.2d at 1277. In that case, as here, the plaintiff settled with the tort-feasor and his liability insurer without reserving any rights against other solidary obligors particularly his own UM insurer. In the past, the result in such a situation has been to discharge the UM insurer through the application of former La.Civ. Code art. 2203 (1870) (repealed 1984 La. Acts No. 331, replaced by La.Civ.Code art. *979 1803, effective January 1, 1985) which provided that the discharge of one solidary obligor discharged all other obligors unless the creditor expressly reserved his rights against them. The rule of La.Civ.Code art. 2203, however, does not apply to the current situation. While the Supreme Court acknowledges that the tortfeasor and the UM carrier are co-debtors in solido, La. Civ.Code arts. 2091-94, 2315; Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982); the court in Carona found that La.Civ.Code art. 2203 “conflicts with and has been superseded by La.R.S. 1406(D)(4), of the UM statute ...” The court said:
This statutory provision, and Civil Code article 2161, make it clear that when the UM insurer pays part of the damage to which the insured is entitled from a tort-feasor and receives a release from the insured, the insured is nevertheless entitled to exercise his right for the balance of the partially paid claim in preference to the insurer, even though the insurer and the tortfeasors are soliday obligors .... These statutory provisions clearly provide that the insured’s right to recover from the UM insurer is afforded similar protection when he first receives payment for part of his damages from the tortfeasor. Any other interpretation would be unreasonable and would cause injuries of innocent, insured motorists to go unremedied, thus frustrating the legislative aim of the UM statute. Since full recovery is the goal of the legislation and because the tortfeasor and the UM carrier are co-debtors in solido, we infer that a victim merely by his release of the tortfeasor does not forfeit any right against his UM carrier, (citations omitted). 458 So.2d at 1279.
For the reasons enunciated by the Supreme Court, we find that when plaintiff entered into a settlement agreement with Prudential without reserving his rights against his UM insurer, Mid-American, he did not discharge the insurer merely because he did not specifically reserve his right in accordance with La.Civ.Code art. 2203.
Therefore, the decision of the trial court is reversed.
REVERSED.