508 So.2d 1031 (1987)
Jack CATES, Jr.
v.
WAUSAU INSURANCE COMPANY.
No. 87-CA-92.
Court of Appeal of Louisiana, Fifth Circuit.
June 16, 1987.
Oestreicher, Whalen & Hackett, John D. Rawls, New Orleans, for plaintiff/appellant.
Blue, Williams & Buckley, Thomas G. Buck, Richard S. Vale, William Bassett, Jr., Metairie, for defendant/appellee.
Before GAUDIN, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This appeal arises from the claim of an injured plaintiff against his uninsured motorist (UM) insurer seeking recovery under the terms of that policy. From a summary judgment in favor of the UM insurer dismissing plaintiff's suit, the plaintiff appeals.
On January 14, 1984 plaintiff, Jack Cates, Jr., was a guest passenger in a *1032 vehicle owned by Robert Binkley and operated by Frank James. Plaintiff was injured in Colorado when the vehicle operated by James was involved in a collision with a vehicle owned by Tom Pfister, an alleged uninsured motorist. Mr. Binkley's vehicle was insured by Allstate Insurance Company. Plaintiff carried an uninsured motorist policy issued by defendant, Wausau Insurance Company.
Prior to filing the present suit on October 8, 1985 plaintiff entered into a $4000 settlement agreement with James, Binkley and his insurer in connection with a tort suit filed in federal court. The release did not include a reservation of rights as to defendant.
Subsequent to the settlement and execution of the document, plaintiff filed suit against defendant, Wausau Insurance Company as UM insurer. In responding to the suit defendant filed a Motion for Summary Judgment based on the fact that plaintiff had released a solidary co-debtor without reserving his rights against defendant, thus releasing it, citing former LSA-C.C. art. 2203 as the law applicable at the time of the accident.[1] Plaintiff's suit was dismissed with prejudice by the lower court. We find that summary judgment was not appropriate and we reverse.
The only issue presented by this appeal is whether plaintiff released his own UM insurer from liability when he settled with other persons solidarily liable for his claim and failed in the settlement document to expressly reserve his right against his UM insurer.
The question presented has been resolved by the Supreme Court's decision in the consolidated case of Carona v. State Farm Insurance Co., 458 So.2d 1275 (La. 1984). Each of the plaintiffs in these cases had compromised his claim against the tortfeasor with a broadly phrased release form, that is, release of "all other persons, firms and corporations from all demands."[2] In setting aside the judgments dismissing each plaintiff's suit against his UM insurer and remanding the cases to the district court, the Supreme Court stated that full recovery is the goal of the UM legislation and the statutory rights of the insured under the UM statute were in conflict with article 2203. The Court held that an express reservation of rights was unnecessary. Carona was followed by our decision in the case Knight v. Soilemisis, 461 So.2d 422 (La.App. 5 Cir.1984). See also, Cooper v. La. Farm Bureau Cas. Ins., 481 So.2d 611 (La.1986); Chatman v. Mid America Indem. Co., 479 So.2d 677 (La. App. 3 Cir.1985); Buras v. Carte, 463 So.2d 736 (La.App. 4 Cir.1985); Cadierre v. Duet, 461 So.2d 598 (La.App. 1 Cir.1984).
However, counsel for Wausau Insurance Company cites as a bar to plaintiff's action this court's decision in Migliore v. Traina, 474 So.2d 980 (La.App. 5 Cir.1985), which holds that where the victim signs a liability insurer's form containing language releasing not only the tortfeasor and the insurer but also anyone potentially liable, such broad language indicates more than a failure to reserve rightsit evinces an express intention to release (and does serve to release) the UM insurer.
The court in Migliore stated, at 983, that:
The general and long-settled rule is that it will not be presumed that plaintiffs intended to waive their rights against other parties possibly liable unless it clearly appears that they intended to do so. Honeycutt v. Town of Boyce, 341 So.2d 327 (La.1976), and cases cited therein.
As noted above, on the facts before the court, it was convinced of the plaintiff's intent to waive her rights. In the case before us the format of the release differed from that in Migliore in that the names of specific defendants were typed onto the *1033 printed form; we may not presume intent to release all possible defendants. We find that the holding in Carona v. State Farm Ins. Co. is applicable to the facts before us in this case and that summary judgment is inappropriate.
For the reasons assigned, the judgment of the district court granting a summary judgment in favor of defendant is reversed, and the case is remanded to the district court for trial on the merits. Costs of this appeal are assessed against the defendant-appellee.
REVERSED AND REMANDED
GAUDIN, J., concurs.
GAUDIN, Judge, concurring.
I concur in the foregoing opinion, being of the belief that summary judgment was inappropriate, there being triable issues of fact and law.
NOTES
[1] The express reservation requirement of article 2203 has been abolished by the legislature. 1984 La. Act, No. 331. In place of article 2203 (1870) the Act creates new article 1803 effective January 1, 1985 which rejects the express reservation requirement of article 2203.
[2] For appellate decisions see Carona v. State Farm Insurance Co., 444 So.2d 763, 764 (La.App. 4 Cir.1983) and Decedue v. Government Employees Insurance Co., 441 So.2d 72, 73 (La.App. 5 Cir.1985).