|1LeBLANC, Judge,
dissenting.
I respectfully dissent.
Each insurer, with the tortfeasor, is solidarity obligated to the tort victim; however, the insurers are not co-solidary obligors to each other. I would not extend the distinct solidary relationship of each of the two insurers with the tortfeasor to produce the final leg of the triangle: solidarity between the liability insurer and the UM carrier so that suit against one interrupts prescription against the other.
This lack of solidarity is based on the failure to meet the requirements established by the Civil Code and expounded on in Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982). Hoefly stated when obligors were solidarily obligated, each may be compelled for the whole. La.C.C. art. 1795; Hoefly, 418 So.2d at 576. In the instant case, this requirement is not met. The obligation of the UM carrier, in its role of providing excess coverage when the tortfeasor is inadequately insured, does not begin until the obligation of the tortfeasor’s insurer is extinguished. Because of the actual existence of the tortfeasor’s liability carrier, the UM carrier may not be compelled for the whole, only for some remaining portion necessary to provide the victim with full recovery. The UM earner, when called upon to perform, may demand that the obligation be divided and the tortfeasor’s liability carrier be required to perform its portion.
This right does not undermine the objective of the legislation to provide the victim with full recovery. It simply provides the UM carrier the benefit of its contractual provisions; i.e., to only be required to provide excess coverage when the tortfeasor is inadequately insured.
12Since I would find no co-solidarity, I would not find interruption of prescription as to USAA by the filing of suit against American Surety.