_[iDOUCET, Chief Judge.
Plaintiff, Trisha Wilfer, appeals a judgment of the trial court dismissing her claim against Defendant, Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), for medical payments she alleges are due in connection with an automobile accident. For the following reasons, we affirm the judgment of the trial court.
FACTS
The facts in this cáse are not in dispute. Trisha Wilfer, who was a minor living in her father’s home at the time, was involved in an automobile accident with an uninsured driver on July 20,1993. Trisha was driving a vehicle owned by her sister, Tina. The insurance on that vehicle did not in-elude uninsured motorist coverage. | pHowever, a comprehensive automobile insurance policy issued by Farm Bureau provided, among other coverages, medical payment and uninsured motorist (U.M.) coverage to Ronald Wilfer, Tricia’s father, and the members of his household. Neither Mr. Wilfer nor any member of his household reported the accident to Farm Bureau,
Approximately a year after the accident, Mr. Wilfer contacted John DeRosier, his attorney, about the possibility of filing a claim on Trisha’s behalf against Farm Bureau, as his U.M. carrier. Apparently Mr. DeRosier asked an associate, W. Thomas Barrett, III, to handle the matter. In any event, the two year prescriptive period in which to file a claim against a U.M. carrier under La.R.S. 9:5629 came and went without a claim being filed. Thereafter, Mr. Wilfer contacted R. Scott lies to represent Trisha, who had reached majority, in a legal malpractice action against Messrs. DeRosier and Barrett. A petition alleging legal malpractice was filed July 18, 1996, two days before that action would have prescribed and two days short of the third anniversary of Trisha’s accident.
By a letter dated August 12, 1996, Mr. lies made demand, on Trisha’s behalf, on Farm Bureau for the limits of the medical payments coverage, $5,000.00, in the policy issued to Mr. Wilfer and in force at the time of Trisha’s accident. In September 1996, Farm Bureau denied coverage concluding that the claim, which was filed more than three years after the accident, had prescribed. Thereafter, on February 27, 1997, Plaintiff filed her First Supplemental And Amending Petition, in the original legal malpractice action, adding Farm Bureau as a Defendant and seeking the $5,000.00 in medical payments which Farm Bureau had refused to pay.
|3 Subsequently, Plaintiff filed a Motion for Summary Judgment on the issue of the denied medical payments. Farm Bureau answered Plaintiffs motion with its Motion For Summary Judgment/Exception Of Prescription on the medical payments issue. The trial judge denied Plaintiffs motion and granted Farm Bureau’s motion, *795 dismissing Plaintiffs demands, with prejudice, against Farm Bureau. This appeal followed.
LAW AND DISCUSSION
In the case sub judice, the trial judge, without commenting on the issue of solidarity, found Plaintiffs cause of action against Farm Bureau had prescribed. He noted, correctly, that Farm Bureau was not notified of any medical claim by Plaintiff until more than three years after the date of the accident. Thus, he concluded that under La.R.S. 22:686.7[1] her action had prescribed[2].
Plaintiff argues that the original defendants in the legal malpractice action are bound solidarity with Farm Bureau, who provided both U.M. and medical payments coverage to her father. She reasons that inasmuch as the legal malpractice suit was filed timely, it interrupted prescription against Farm Bureau.
However, we note that Plaintiffs original suit arose out of Messrs. DeRosier’s and Barrett’s alleged failure to timely file a U.M. claim on Plaintiffs behalf. That claim arose out of the actions of an uninsured tortfeasor. In Hoefly v. Government Employees Ins. Co., 418 So.2d 575, 577-78 (La.1982)(footnote and citations omitted), the Louisiana Supreme Court found tortfeasors and U.M. carriers to be bound in solido stating:
Under Civil Code Article 2091, “[tjhere is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so -that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.” When an obligation fulfills this definition and contains these ingredients, the obligation is in solido. As we analyze the obligation in this case, it satisfies the prerequisites for a soli-dary obligation.
The tortfeasor and the uninsured motorist carrier are obliged to the same thing. A tortfeasor is obliged to repair the damage that he has wrongfully caused to the innocent automobile accident victim. Subject to conditions not granted the tortfeasor, the uninsured motorist carrier is independently obliged to repair the same damage. By effect of the uninsured motorist statute, La.R.S. 22:1406(D)(l)(a), and its insuring agreement, the plaintiffs’ uninsured motorist carrier is required to pay, subject to statutory and policy conditions, amounts which they are entitled under other provisions of law to recover as damages from owners or operators of uninsured or underinsured motor vehicles. By effect of law and the terms of the insuring agreement, therefore, both the uninsured motorist carrier and the tortfeasor are 'obliged to the same thing.
The tortfeasor and the uninsured motorist carrier each may be compelled for the whole.
However, the court, in A. Copeland Enterprises, Inc. v. Slidell Memorial Hosp., 94-2011, p. 7 (La.6/30/95); 657 So.2d 1292, 1297, refused to extend their holding in Hoefly, to include medical insurers stating as follows:
An obligation is solidary among debtors when they are obliged to do the same thing, so that either may be compelled to perform the whole obligation, and payment by one exonerates the other. La.C.C. art. 1794; Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982).
*796 Solidary liability is never presumed and arises only from a clear expression of the parties’ intent or from law. La. C.C. art. 1796. Consequently, an insurer bound to repair the damage caused by a tortfeasor is solidarily liable with the tortfeasor because both are obligated to the same thing, repair of the tort damage. Fertitta v. Allstate Ins. Co., 462 So.2d 159 (La.1986). See La.R.S. 22:1406(D)(l)(a); La.R.S. 22:655(B)(1).
On the other hand, medical insurers are not obligated to repair tort damages. A medical insurer contracts to pay stipulated medical expenses, regardless of whether there is a tortfeasor and tort liability. The medical insurer thus pays its own debt, not that of the tortfeasor, and the two are not obligated to “the same thing.” See Fertitta, 462 So.2d at 164, n. 7; 2 Planiol & Ripert, Traite Elemenntaire de Droit Civil, p. 1. no. 491 n. 27, at 278 (La.St.L.Inst.trans. 11th ed.1959).
In this case, if Plaintiff prevails on her suit against Messrs. DeRosier and Barrett they, then, will have to stand in the shoes of Plaintiffs U.M. insurer, who is bound in solido with the tortfeasor, and pay the debt of the uninsured tortfeasor. Since the Louisiana Supreme Court has ruled that there is no solidarity between a tortfeasor and a medical insurer, we find there is not solidarity between Messrs. DeRosier and Barrett and Farm Bureau, and the timely suit against Messrs. DeR-osier and Barrett did not interrupt prescription against Farm Bureau.
Therefore, since no medical claims were submitted to Farm Bureau within three years of Plaintiffs accident, her action against Farm Bureau for medical payments had prescribed.
Accordingly, the judgment of the district court is affirmed.
AFFIRMED.

. La. R.S. 22:636.7 provides: "A policy of automobile liability insurance which provides for medical payments coverage shall not limit the time period during which the insured is entitled to payment or reimbursement for medical expenses incurred as a result of injuries caused by a covered accident when .the injuries are diagnosed within one year of the accident and are reported to the insurer within three years of the accident.”

. The language of the Farm Bureau policy attempted to limit the payment of medical expenses to "all reasonable medical expenses incurred within one year from the date of the accident.” Therefore, under the rationale of the court in Block v. Reliance Ins. Co., 433 So.2d 1040 (La.1983), Plaintiff would have up to three years to file for medical payments.